UNITED STATES DISTRICT COURT 2003 DEC -8 P 1: 58

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | CIV. NO. 3:01CV2166 (JCH)(HBF) |
| V. | : | PRISONER |
| JOHN ARMSTRONG, ET AL. | : | DECEMBER 5, 2003 |

### THE DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

The defendants hereby object to the plaintiff's motion for leave to file an amended complaint.

The plaintiff, an inmate confined to the custody of the Connecticut Department of Correction ("DOC"), initiated this pro se action in 2001. The plaintiff complains about wrongdoing allegedly perpetrated on him by the defendants in March 1999, while confined at the Northern Correctional Institution ("Northern"). The plaintiff alleges that the defendants subjected him to excessive force, placed him in four-point restraints in violation of his rights, denied him appropriate medical treatment for specific physical ailments, and stole various legal materials. Since filing his original complaint in 1999, the plaintiff has filed an amended complaint.

The plaintiff now seeks to amend his complaint again to allege, in part, that the defendants have been deliberately indifferent to his mental health needs at Northern by failing to provide him with unspecified "mental health intervention and care." In addition, the plaintiff now seeks to hold defendants Armstrong and Myers responsible for failing to train and supervise subordinates. This proposed amended complaint adds a new factual scenario and new claims

Stevelman v. Alias Research, Inc., 174 F.3d 79, 86-87 (2d Cir. 1999).    Generally, amendments

will be permitted only when the amendment does not "allege a new cause of action but merely

make[s] defective allegations more definite and precise."    Siegel v. Converters Transportation,

Inc., 714 F.2d 213, 215 (2d Cir. 1983).

In analyzing this question, courts look to a variety of factors, including whether the

original and proposed complaints "have a common beginning" and conclusion; Pastorello v. City

of New York, 2001 U.S. Dist. LEXIS 19919, *18 (S.D.N.Y.) (Attached as Ex. A.); whether the

evidence needed to be established is the same in the two complaints; Alswanger v. Smego, 257

Conn. 58, 66 (2001); and whether the plaintiff has limited the cause of action in his original

complaint by specifically pleading certain facts and omitting others.    Moore v. Baker, 989 F.2d

1129, 1132 (11th Cir. 1993); see also Rosenberg v. Martin, 478 F.2d 520 (2d Cir. 1973);

Holdridge v. Heyer-Schulte Corp., 440 F. Supp. 1088 (N.D.N.Y. 1977).

## III.    ARGUMENT

### A.    The Proposed Amended Complaint is Barred by the Statute of Limitations and is therefore Futile

The proposed complaint comprises twelve counts.    The plaintiff alleges that the

proposed complaint simply contains "a more detailed recitation of the underlying facts"

(Memorandum at 1.)    This claim is without merit and should be rejected.    A simple review of

the two complaints reveals that the plaintiff is not attempting to clarify his existing claims but

rather seeks to add a completely new cause of action concerning deliberate indifference to his

mental health needs.    The plaintiff states in paragraph 67 of the proposed complaint:

> By failing to provide the plaintiff with, and by failing to ensure the
> provisions of, constitutionally adequate mental and medical care, and by failing to

summon such care, the defendants knowingly disregard an excessive risk to the plaintiff's health, safety and well-being. The plaintiff during the four point restraint became severely fearful and suffered mental anguish and anxiety and was obviously in need of mental health intervention and care. The defendants knowingly subjected him to pain, fear and physical and mental injury, thereby violating the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

Most significantly, the original complaint contains not a single claim or mention of a failure to treat the plaintiff's mental health condition. Indeed, the term "mental health" does not appear in the original or the operative complaint. In addition, there is no claim that defendants Armstrong and Myers failed to properly supervise or train DOC staff. In the original complaint, the plaintiff alleges only that he notified defendants Armstrong and Myers of his allegations of wrongdoing by DOC staff and that they failed to act to protect him. (See Original Complaint, ¶¶ 135-154.)

To demonstrate that the proposed complaint raises entirely new claims that do not relate back to the original complaint, one need only consider the evidence that the plaintiff would have to introduce at trial to prove the allegations in the proposed complaint. These require different witnesses and different documents to prove facts far different from those contained in the original or the operative complaint. A trial based on the allegations in the original complaint would logically include the testimony of the defendants, other custody staff involved in the plaintiff's restraint, as well as the testimony of Northern Medical personnel concerning the specific treatment provided for the alleged physical injuries sustained. On the contrary, a trial of the proposed complaint would, by necessity, include all the mental health professionals who have ever treated the plaintiff, as well as psychiatric experts. Because the plaintiff now attempts to hold defendants Armstrong and Myers personally responsible for the plaintiff's mental health

treatment, experts would likely be needed to testify on mental health provided in the correctional setting and whether the mental health treatment provided at Northern fell short of that standard. There is absolutely nothing in the original complaint which puts any of the defendants on notice that they are being sued for their failure to provide mental health treatment to the plaintiff. More specifically, there is nothing that puts defendants Armstrong and Myers on notice that the DOC's training of officers with respect to inmates' mental health needs would be at issue. When different "facts, evidence and witnesses" are needed, it is axiomatic that a different factual scenario is being asserted and Rule 15(c) is of no avail.   See Alswanger v. Smego, 257 Conn. 58, 67 (2001) (citing Gurliacci v. Mayer, 218 Conn. 531, 549 (1991)).

That the proposed complaint raises causes of action that do not arise out of the "conduct, transaction or occurrence" set forth in the original complaint can also be seen from the course of litigation.   The plaintiff instituted this action in 2001.   He has since amended the complaint, but never raised any claims of inadequate mental health treatment.   The amended complaint again restricted the medical portion of his complaint to certain specified physical ailments which resulted from his alleged physical mistreatment at Northern.   He has not sought to name any mental health personnel as defendants.   If the plaintiff ever had an intention of making this case a mental health claim, he never so indicated and the time has passed.

If the plaintiff intended to include mental health treatment within his claim of inadequate medical treatment, it is inexplicable that he did not name as defendants other members of the "medical staff."   The plaintiff has never sought to amend his complaint to name as a defendant the director of mental health services for the DOC or Northern.

A review of the pertinent case law indicates that the causes of action in the proposed

6

complaint do not arise out of the same conduct, transaction or occurrence as the factual scenario in the original complaint.   In <u>Moore v. Baker</u>, 989 F.2d 1129 (11th Cir. 1993), the Court of Appeals upheld the District Court's denial of the plaintiff's motion to amend.   The plaintiff had sued the defendants for failure to provide informed consent concerning alternative therapies. The plaintiff sought to amend her complaint to add a cause of action for medical malpractice. The Court of Appeals held that the denial was appropriate because "there is nothing in Moore's original complaint which makes reference to any acts of alleged negligence by Dr. Baker either before or after surgery."   <u>Id</u>. at 1132.   The court found that the new cause of action required the plaintiff "to prove completely different facts than would otherwise have been required to recover on the informed consent claim in the original complaint."   <u>Id</u>.   It further noted that the plaintiff's original complaint was "very specific" and "focus[ed] on one specific act of alleged wrong doing by the defendant.   <u>Id</u>. at n.1.

A recent case from the Connecticut Supreme Court is also illustrative.   In <u>Alswanger v. Smego</u>, <u>supra</u>, the plaintiff sued the defendant physician for lack of informed consent.   After the statute of limitations expired, the plaintiff sought to amend her complaint to allege that the defendant failed to inform her that a resident would be involved in the surgery.   The Supreme Court upheld the trial court's refusal to permit the amendment, finding that the amendment alleged "an act of negligence based on an different set of facts from that alleged in the original complaint."   257 Conn. at 66.   Connecticut's relation back doctrine is "akin to" Rule 15(c). <u>Id</u>. at 74-75 (<u>citing</u>, <u>Gurliacci v. Mayer</u>, 218 Conn. 546, 547-48 (1991)).

As these cases amply demonstrate, when allegations pronouncing new claims based upon new facts and new transaction are presented, they will not relate back. The plaintiff may not

amend his complaint in order to evade the statute of limitation.   Concerning the plaintiff's attempt to name the defendants in their official capacity, any such amendment would be futile given the well-established sovereign immunity of suits in § 1983 actions.

**B.      Granting the Plaintiff Leave to File the Proposed Complaint Would
Prejudice the Defendants**

While the defendants need not show prejudice in order to defeat a proposed futile amendment, they would clearly be prejudiced by this late addition of brand new claims.   For one, the defendants were never notified that they were defending mental health claims, and therefore were not provided the opportunity to preserve their recollections or those of other witnesses until five years after the relevant events.   Clearly, some evidence, in the form of witness testimony and otherwise, is forever lost to history.   At least one defendant left the country prior to the filing of the motion for leave to amend, and obtaining his input in a timely fashion for the purposes of defending the new claim is practically impossible.   Furthermore, as evidenced by recent proceedings, concerns over the age of the case will deny the defendants the opportunity to fully test and challenge the plaintiff's new claims by the full range of dispositive motion practice.

**C.      The Plaintiff's Status as a *Pro Se* Litigant Should not Permit Him
To Circumvent the Statute of Limitations**

The original complaint was filed while the plaintiff was pro se, which he remains today. The defendants do not quibble that pro se litigants are given some latitude;   however this principle should not permit a pro se plaintiff to allege a totally new factual scenario to circumvent the statute of limitations.

As has amply been demonstrated, the plaintiff filed an extremely detailed complaint

alleging <u>specific</u> claims of wrongdoing.    Yet the plaintiff made no reference to a denial of mental health treatment.

Any reasonable defendant would read the plaintiff's complaint as referring to specific medical issues and that these issues <u>did</u> <u>not</u> include mental health claims.    The plaintiff's deliberate omission of mental health issues cannot be explained away by claiming that he is an unsophisticated <u>pro</u> <u>se</u> litigant.    Indeed, in December 2002, the plaintiff filed a <u>pro</u> <u>se</u> complaint which specifically alleged a deliberate indifference to his <u>mental</u> <u>health</u> needs, <u>Ziemba</u> <u>v.</u> <u>Armstrong</u>, 3:02CV2185(DJS) (Attached as Ex. B.).    The plaintiff states:

> 11.    The plaintiff from Nevada sent to defendant[s] . . . a letter dated February 20, 2002 which placed each defendant on Notice.    It very specifically informed each defendant that before they transfer him back to the CT. D.O.C. as ordered by the Court, he needs mental health treatment, that he has mental health serious matters which he must receive treatment for . . .

> 14.    On or about March 10, 2002 the plaintiff was turned over to the United States Marshals for transport back to the CT. D.O.C.    Immediately in violation of the plaintiff constitution rights to medical treatment, the Paxil medication was stopped and totally denied to the plaintiff.

Even a cursory review of the plaintiff's <u>pro</u> <u>se</u> complaint shows that he is not an unsophisticated litigant unable to properly plead a claim of deliberate indifference to his mental health needs. The plaintiff could have included a mental health claim in 2001, but did not.   He should not be permitted to use his <u>pro</u> <u>se</u> status in 2003 as a sword to circumvent the statute of limitations.

IV.    **CONCLUSION**

The plaintiff's "proposed amended complaint" adds new counts based on a factual scenario not plead in the original complaint.    Because the statute of limitations for such claims expired in 2002, these claims are time-barred and the proposed amendments are futile.    In addition, the time has passed for the plaintiff to name the defendants in their official capacities. For this reason, the defendants object to the plaintiff's motion for leave to amend the complaint. Should the motion for leave to amend the complaint be granted, the defendants reserve the right to file motions to dismiss and for summary judgment, as well as to seek a modification of the discovery deadline.

DEFENDANTS
John Armstrong, Larry Myers
Reginald MacAllister, Kevin DeGray

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Neil Parille
Assistant Attorney General
Federal Bar No. # Ct.15278
Neil.Parille@po.state.ct.us
Matthew Beizer
Federal Bar No. # Ct.16304
Matthew.Beizer@po.state.ct.us
110 Sherman Street
Hartford, CT 06105
Tel.:    (860) 808-5450
Fax:    (860) 808-5593

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid,

this ___5th___ day of December 2003 to:

Duane Ziemba, Inmate No. 128963
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

Neil Parille
Assistant Attorney General

# EXHIBIT A

LEXSEE 2001 U.S. DIST. LEXIS 19919

JOAN PASTORELLO, Plaintiff -against- CITY OF NEW YORK, NEW YORK
CITY HEALTH AND HOSPITAL CORPORATION, KATHLEEN HUNZICKER,
M.D., SHEPARD GREENE, M.D., JANET LANNIGAN, DOROTHEA SCHUETZ-
MUELLER, LUCY MUELLER, M.D., CAROLYN GRIFFITHS, R.N., JOHN DOE
# 1 (SECURITY GUARD), JOHN DOE # 2 (SECURITY GUARD), JOHN DOE # 3
(SECURITY GUARD), Defendants.

95 Civ. 470 (CSH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

2001 U.S. Dist. LEXIS 19919

November 30, 2001, Decided
December 4, 2001, Filed

**DISPOSITION:** [*1] Court granted leave to file and serve a Third Amended Complaint, in a form consistent with this Opinion, which asserts all nine claims contained in the presently proposed pleading.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In an action in which plaintiff alleged that she was wrongfully detained against her will at a hospital, plaintiff moved pursuant to Fed. R. Civ. P. 15 for an order permitting her further to amend her complaint. Defendants resisted the motion.

**OVERVIEW:** The proposed third amended complaint alleged generally that defendants, acting under color of state law, violated rights guaranteed to plaintiff by the Fourteenth Amendment to the Constitution of the United States, the New York State Constitution, and the laws of the State of New York. With regard to the first six claims, which alleged federal constitutional causes of action under 42 U.S.C.S. § 1983, the court held that the third amended complaint related back to the second amended complaint, and accordingly these claims were not barred by the applicable three-year statute of limitations. The court reasoned that because the second amended complaint was a pro se pleading, the pleading was to be construed liberally. Defendants argued that the third amended complaint's seventh, eight, and ninth claims alleged new causes of action under the Constitution and common law of the State of New York. The court disagreed, finding that defendants had sufficient notice and that the claims were not time-barred.

**OUTCOME:** Plaintiff's motion to amend her complaint was granted.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Civil Procedure > Pleading & Practice > Pleadings > Amended PleadingsCivil Procedure > Pleading & Practice > Pleadings > Supplemental Pleadings*
[HN1] Fed. R. Civ. P. 15 provides for amended and supplemental pleadings.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN2] Fed. R. Civ. P. 15(a) explicitly provides that leave shall be freely given when justice so requires. But a district court's permission to amend a pleading is not automatic. Although leave to amend shall be freely granted when justice requires, valid reasons for denying leave to amend include undue delay, bad faith, or futility of the amendment.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*

[HN3] Courts will not grant leave to amend when the proposed amendment is legally insufficient and it would be futile to grant leave to amend. A proposed amended complaint is futile in that sense if (1) the claim it seeks to assert is barred by the applicable statue of limitations, and (2) the claim does not relate back to the date of an earlier timely pleading.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN4] Under N.Y. C.P.L.R. § 214(5), there is a three-year limitation period in actions for personal injury.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN5] The relation back of amendments is governed by Fed. R. Civ. P. 15(c), which provides in pertinent part that an amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN6] The purpose of the statute of limitations is to prevent stale claims. The rationale of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitations requires. Courts should freely grant leave to amend under Fed. R. Civ. P. 15 to effectuate the purpose of the Rules.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN7] Fed. R. Civ. P. 15(c) is to be liberally construed, particularly where an amendment does not allege a new cause of action but merely makes defective allegations more definite and precise.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN8] Notwithstanding the liberality with which courts allow relation back under Fed. R. Civ. P. 15(c), a proposed amended complaint cannot relate back to an earlier pleading if it is quite clear that the claim it asserts does not arise out of the conduct, transaction or occurrence set forth in the original pleading.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN9] Under Fed. R. Civ. P. 15(c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN10] An amended complaint asserting violations of state statutes relate back to the original complaint which asserted federal civil rights claims.

*Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN11] As Fed. R. Civ. P. 15(c) makes clear, an amended claim need only arise out of the conduct, transaction, or occurrence set forth in the original pleading. There is no requirement that the new claim must have been asserted in the original pleading. A single transaction or occurrence can give rise to numerous claims. An amendment that changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back.

*Civil Procedure > Pleading & Practice > Pleadings > InterpretationCivil Procedure > Joinder of Claims & Parties > Self-Representing Parties*
[HN12] It is well settled that in parsing the claims asserted in a pro se complaint, the pleading is construed liberally, particularly where civil rights violations are alleged.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of ActionGovernments > Legislation > Statutes of Limitations > Time Limitations*
[HN13] State law tort claims against a municipal agency and its employees cannot be sued upon unless a notice of claim has been filed with the agency within 90 days after the claim arises. N.Y. Gen. Mun. Law § 50-e(1)(a) (McKinney 1986). Absent a showing of such a notice of claim, the complaint may be dismissed for failure to state a cause of action. While N.Y. Gen. Mun. Law § 50-(e)(5) enables a plaintiff to apply to a court for leave to file a late notice of claim, such an application must be made within the New York statute of limitations. N.Y. Unconsol. Laws § 7401(2) provides that personal injury actions cannot be commenced more than one year and 90 days after the cause of action thereof shall have accrued.

*Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > CoverageGovernments > Legislation > Statutes of Limitations > Time Limitations*
[HN14] 42 U.S.C.S. § 1983 federal "constitutional tort" actions are within the notice of claim requirements of

Case 3:01-cv-02166-JCH    Document 38    Filed 12/08/2003    Page 13 of 14

2001 U.S. Dist. LEXIS 19919, *                                    Page 3

N.Y. Gen. Mun. Law § 50-i, although not within its one-year 90-day limitation period.

*Torts > Malpractice Liability > Healthcare Providers*
[HN15] Malpractice is professional negligence and medical malpractice is the negligence of a doctor. That particular form of negligence is the failure to use reasonable care under the circumstances, doing something that a reasonably prudent doctor would not do under the circumstances, or failing to do something that a reasonably prudent doctor would do under the circumstances.

*Torts > Malpractice Liability > Healthcare Providers*
[HN16] N.Y. C.P.L.R. § 3012-a(a)(1) (McKinney 1991) provides in part that the attorney for the plaintiff must execute a "certificate of merit" declaring that the attorney has reviewed the facts of the case and has consulted with at least one physician and has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of the action.

*Torts > Malpractice Liability > Healthcare Providers*
[HN17] N.Y. C.P.L.R. § 3012-a provides that in lieu of serving the certificate required by the section, a plaintiff may provide the defendant or defendants with the information required by N.Y. C.P.L.R. § 3101(d) within the period of time prescribed by this section.

*Torts > Malpractice Liability > Healthcare Providers* *Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties*
[HN18] N.Y. C.P.L.R. § 3012-a(f) provides that the provisions of this section shall not be applicable to a plaintiff who is not represented by an attorney.

*Civil Procedure > Pleading & Practice > Filing of Complaint* *Constitutional Law > Civil Rights Enforcement > Immunity > Local Governments*
[HN19] The purpose of the notice of claim requirement is to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation. The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action. In general, the test of a notice of claim's sufficiency is whether it includes enough information to enable the municipality to investigate the claim adequately. Merely providing notice of the occurrence is not adequate to constitute notice of a particular claim. The fact that a cause of action not mentioned in the notice of claim arises out of the same incident as enumerated claims is not pivotal; rather, the nature of the claim and the theory of liability are determinative. Any cause of action or theory of

liability not directly or indirectly mentioned in the notice of claim may not be included in a subsequent lawsuit.

*Civil Procedure > Pleading & Practice > Filing of Complaint*
[HN20] Under the New York cases, a claim may be included in a subsequent law suit if the statutory notice of claim included enough information to enable the municipality to investigate the claim adequately; if the cause of or theory of liability was mentioned in the notice of claim "directly or indirectly"; and if the notice of claim contained factual allegations concerning the cause of action.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN21] A court will deny leave to amend only if the non-moving party is in fact prejudiced by the delay.

**COUNSEL:** JOAN PASTORELLO, plaintiff, Pro se, Bronx, NY.

For JOAN PASTORELLO, plaintiff: Randall David Bartlett, Louise J. Gilmore, Bartlett, Bartlett & Ziegler, P.C., Randall David Bartlett, Bartlett & Bartlett LLP, New York, NY.

For CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, CAROLYN CAROLYN GRIFFITHS, RN, defendants: Amu K. Adelman, Corp. Counsel of the City of New York, NY, NY.

For DOROTHEA SCHUTEZ-MUELLER, KATHLEEN HUNZICKER, MD, DOCTOR GREENE, defendants: Amy K. Adelman, Corporation Counsel of the City of N.Y., New York, NY.

For DOROTHEA SCHUTEZ-MUELLER, KATHLEEN HUNZICKER, MD, defendants: Paul A · Crotty, Corporation Counsel of the City of N.Y., New York, NY.

**JUDGES:** CHARLES S. HAIGHT, JR., SENIOR UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** CHARLES S. HAIGHT, JR.

**OPINION:**

MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

Case 3:01-cv-02166-JCH    Document 38    Filed 12/08/2003    Page 14 of 14

2001 U.S. Dist. LEXIS 19919, *                           · Page 4

Plaintiff moves pursuant to Rule 15(a), Fed. R. Civ. P. for an order permitting her further to amend her complaint. Defendants resist that motion.  [*2]

## I. PROCEDURAL HISTORY

The complaint in this action has been previously amended. It is necessary to trace the procedural history in some detail.

Plaintiff Joan Pastorello commenced this action by filing a pro se complaint on January 23, 1995, accompanied by a request to proceed in forma pauperis. In that initial complaint, plaintiff listed the City of New York and the New York City Health and Hospitals Corporation ("HHC") as defendants. Plaintiff alleged that she was wrongfully detained against her will at Jacobi Hospital in the Bronx (also known as the Bronx Municipal Hospital Center) between February 26 and March 2, 1993. Plaintiff also claimed that hospital personnel forcibly medicated her, restrained her, and assaulted her.

Plaintiff's request to proceed in forma pauperis came to the attention of Chief Judge Griesa (as he then was). In an order dated January 23, 1995, Chief Judge Griesa granted plaintiff's request to proceed in forma pauperis and directed the Clerk of the Court to assign a docket number to the case.

In his order, Chief Judge Griesa construed the initial pro se complaint as one brought for the deprivation of plaintiff's civil rights under 42 U.S.C. § 1983, [*3] Jacobi Hospital being operated by HHC, a municipal agency. Chief Judge Griesa's January 23, 1995 order observed that

> plaintiff cannot sustain an action under 42 U.S.C. § 1983 against these two defendants. In order to sustain a claim for relief under § 1983 against the City of New York and one of its agencies, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a causal connection between that policy or custom and the deprivation of a constitutional right.

Slip op. at 1-2 (citing Monell v. Department of Social Services, 436 U.S. 658, 690, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). Chief Judge Griesa concluded that the initial complaint, even construed liberally, "cannot reasonably be interpreted as alleging facts sufficient to demonstrate that plaintiff's injury was caused by any policy or custom of these defendants." Slip op. at 3. The Chief Judge's order granted plaintiff leave to file an amended complaint containing the sort of specific allegations that were described generally in the order.

On March 20, 1995, pursuant to that leave granted by Chief Judge Griesa, plaintiff filed [*4] a 16-page pro se amended complaint. It listed as defendants the City of New York; the HHC; Kathleen Hunzicker, M.D.; Dr. Greene (identified as a "psychiatrist"); Janet Lannigan; Lucy Mueller, M.D.; Carolyn Griffiths, R.N.; and "John Doe's" 1, 2, and 3 (identified as security guards). Plaintiff signed that pleading at the bottom of the last page, adding the date "3-20-1995."

Efforts ensued to effect service of process upon the several defendants. Eventually the Corporation Counsel of the City of New York appeared on behalf of all defendants who had been served. Pre-trial discovery began.

On December 12, 1995, plaintiff, still proceeding pro se, filed a motion further to amend her complaint. The amendment consisted of changing the name of one of the individual defendants from "Lucy Mueller" to "Dorothea Schuetz-Mueller." That change resulted from further information supplied to plaintiff by HHC with respect to one of the individuals involved in the incidents giving rise to the action. The case having been assigned to me, I signed an order granting that motion to further amend the complaint.

Defendants filed further responsive pleadings. Discovery proceeded. On October 24, 1997, the [*5] law firm of Bartlett, Bartlett & Zigler, P.C. (by Randall D. Bartlett, Esq.) filed a notice of appearance as attorneys for plaintiff. The Corporation Counsel's office filed a suggestion of death of defendant Janet Lanigan. By order dated October 18, 2000, the Court granted plaintiff's motion to substitute Eugene D. Lanigan as representative of the estate of Janet Lanigan in place of Janet Lanigan, deceased (having been sued originally as "Janet Lannigan").

On April 17, 2001, counsel for plaintiff filed the present motion pursuant to Rule 15(a), Fed. R. Civ. P., for leave to file a further amended complaint. Defendants filed papers in opposition to that motion, on the ground, inter alia, that certain of the claims contained in the proposed further amended complaint were time barred.

In their reply papers, counsel for plaintiff acknowledged that certain claims were time barred and revised the proposed amended complaint accordingly. Defendants have not filed further papers in opposition to a further amendment. I will assume that, to the extent the two pleadings mirror each other, defendants persist in their objections to the proposed amended complaint in the form originally attached [*6] to plaintiff's motion papers.

In the light of this procedural history, I will regard the proposed amended complaint attached to plaintiff's