## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ✓ Yes ___ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

   Plaintiff(s): _See Attached Pages._

   Defendant(s): _See Attached Pages_

   b. Name and location of court and docket number _Same_

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) _Pending_

   d. Issues raised: _See Attached_

   e. Approximate date of filing lawsuit: _1998_

   f. Approximate date of disposition: _Pending_

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. ✓ Yes ___ No.

   If your answer is "Yes," briefly describe how relief was sought and the results.

   _Filed and exhausted all administrative remedies._

5

3. I have exhausted available administrative remedies. (✓) Yes ___ No.
If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
If your answer is "No," briefly explain why administrative remedies were not exhausted.

Plaintiff filed and completely exhausted all administrative remedies. Proof is attached.

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

   Plaintiff(s): N/A

   Defendant(s): N/A

   b. Name and location of court and docket number N/A

   c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

   d. Approximate date of filing lawsuit: N/A

   e. Approximate date of disposition: N/A

2. Are you in imminent danger of serious physical injury? ___ Yes ___ No.
If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

6

## G. REQUEST FOR RELIEF

I request the following relief:

Please See Attached Pages.

## H. JURY DEMAND

Do you wish to have a jury trial? Yes ✓  No ___

_____    _Duane Ziemba_____
Original signature of attorney (if any)    Plaintiff's Original Signature

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Northern C.I.___ on __December 1, 2002__
           (location)                    (date)

_Duane Ziemba_____
Plaintiff's Original Signature

7

<u>United States District Court</u>
<u>District Of Connecticut</u>

| | |
|---|---|
| Duane Ziemba<br><br>Plaintiff,<br><br>v.<br><br>Commissioner John J. Armstrong, Jack Tokarz, Lynn Milling, and Fred Levesque,<br>Defendants. | Civil Action No.<br>3:02 cv 2185 (DJS)<br><br>Jury Trial Demanded<br><br>Defendants Sued In Individual Capacity<br><br>December 1, 2002 |

<u>Complaint</u>

1. This is a lawsuit arising out of the defendants denying the plaintiff adequate mental health medical treatment, while the plaintiff was in their care and cusody.

2. The plaintiff claims abridgement of his rights to be free from cruel and unusual punishment under the Eighth Amendment of United States Constitution.

3. Jurisdiction of this Court is invoked under provisions of 1331, 1343(3) and 1367(a) of Title 28 and 1983 and 1988 of Title 42 of the United States Code.

4. The plaintiff, Duane Ziemba, was at all times relevant to this complaint a resident of the State of Connecticut. At the time of the incidents complained of herein, he was an inmate in the care and custody of the State of Connecticut Department of Correction.

5. Defendant Commissioner John J. Armstrong was the Commissioner of the Department of Correction during the incidents complained of herein. He is sued in his individual capacity only.

6. Defendant Jack Tokarz was a Deputy Commissioner for the Department of Correction during the incidents complained of herein. He is sued in his individual capacity only.

7. Defendant Lynn Milling was a Major and the Supervisor for the Interstate

Corrections Compact of the Department of Corrections, during the incidents complained of herein. She is sued in her individual capacity only.

8. Defendant Fred Levesque was the Director of Population Management for the Department of Correction, during the incidents complained of herein. He is sued in his individual capacity only.

9. At all times relevant to this complaint, the defendants each of them were acting under color of law, that is, under color of the Constitution, Statutes, laws, regulations, custom and usages of the State of Connecticut.

10. From on or about January 20, 2000 until March 28, 2002 the plaintiff was housed in the State of Nevada under the Interstate Corrections Compact. He was solely housed in Nevada, at all times he was still in the care and custody of the State of Connecticut Department of Correction.

11. The plaintiff from Nevada sent to defendant Armstrong, Tokarz, Milling and Levesque a letter dated February 20, 2002. Which placed each defendant on Notice. It very specifically informed each defendant that before they transfer him back to the CT. D.O.C. as ordered by the Court, he needs mental health treatment, that he has mental health serious matters which he must receive treatment for. That he is under their custody and care and they are liable, for them to please take immediate action to "ensure" he is not denied treatment.

12. The defendants in fact did receive the February 20, 2002 letter by the plaintiff, because there is a date stamped copy of this letter in his CT. D.O.C. Master File.

13. The plaintiff in Nevada was being actively treated by mental health staff for severe "Panic Attacks". He was on the medication Paxil.

14. On or about March 10, 2002 the plaintiff was turned over to the United States Marshals for transport back to the CT. D.O.C. Immediately, in violation of the plaintiff Constitutional rights to medical treatment, the Paxil medication was stopped and totally denied to the plaintiff.

15. The plaintiff was in transport for approximately three (3) weeks. Due to the Paxil medication being stopped and totally denied, the plaintiff suffered <u>Serious</u> withdrawals, by <u>continuous Serious</u> unbearable panic attacks, which caused him to feel as he was having a heart attack, he struggled to breath, he profusely sweated, and felt as he was dying. The plaintiff suffered <u>Serious</u> pain and emotional distress, which was enormously intensified by the plaintiff fear of flying. Which inflicted cruel and unusual punishment in violation of the Eighth Amendment.

16. Defendant's Armstrong, Tokarz, Milling and Levesque each as the Supervisory Officials acted with deliberate indifference to the plaintiffs serious medical needs. By their failure to act on the plaintiffs letter dated February 20, 2002 and failure to ensure that he was not denied his medication Paxil.

17. Defendant's Armstrong, Tokarz, Milling and Levesque each as the Supervisory Officials failed to remedy the wrong, and they were each grossly negligent in supervising their subordinates who committed the wrongful acts (of denying plaintiff the Paxil medication), and they each exhibited deliberate indifference to the rights of the plaintiff by their failure to act on the information indicating that Unconstitutional acts were occurring.

18. Defendant's Armstrong, Tokarz, Milling and Levesque each have personal involvement in the Unconstitutional

Violations described herein. They are each 100% liable.

19. As a direct and proximate result of the defendants conduct, the plaintiff suffered serious pain, emotional distress and mental anguish.

20. In the manner described herein, the defendants deprived the plaintiff to his rights to freedom from cruel and unusual punishment.

21. With Emphasis: The Paxil medication was mailed unlawfully and unconstitutionally to the plaintiffs Mother in CT. Pamela Ziemba, by some unknown prison official in Nevada. Which is a direct claim against each defendant named in this lawsuit, for their failure to have adequate policies with the receiving state and failure to provide plaintiff adequate medical care. They are liable.

22. The plaintiff filed/appealed/fully exhausted all administrative remedies as were available. Proof is attached.

Wherefore, the plaintiff claims judgment against each of defendants, jointly and severally as follows:

A. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair,

B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair,

C. Attorney fees and costs of this action,

D. Grant all such other relief as it may appear the plaintiff is entitled.

## Plaintiff's Jury Claim

The plaintiff herewith requests that all of his claims be tried before a jury.

I declare under penalty of perjury that —

the foregoing is true and accurate to the best of my knowledge and belief.

Signed: *Duane Ziemba*
Duane Ziemba

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071