UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUANE ZIEMBA          :
                      :
V.                    :   CIV. NO. 3:01CV2166 (JCH)
                      :
JOHN ARMSTRONG, ET AL :
                      :

RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is seeking an appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(d). During a status conference on December 15, 2003, plaintiff sought a temporary stay of discovery to obtain counsel. For the reasons set forth below, plaintiff's motion is **DENIED**.

The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Furthermore, in deciding whether to appoint counsel, the district court must "first determine whether the indigent's position seems likely to be of substance." Id. Once the claim meets this test, the court should then consider other reasons why appointment of counsel would be warranted. Id. In Cooper v. Sargenti, 877 F.2d 170, 173-74 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."[1] The

---

[1] The Second Circuit stressed the importance of district court's serious consideration of likely substantiality of an indigent's claims in light of the overwhelming demand for

Court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim" and that this requirement "must be taken seriously." Cooper, 877 F.2d at 171.

In this instance, plaintiff has not sufficiently demonstrated that he is unable to secure counsel. Plaintiff appended copies of twelve efforts to obtain counsel between October 4, 1999 through April 23, 2003. As the Second Circuit has stated, "the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered." Hodge, at 61. The possibility that the plaintiff may be able to secure counsel independently precludes granting this motion.

Additionally, the record before the Court, does not provide an adequate basis for determining whether it possesses "likely merit." Pending is plaintiff's motion for leave to amend the complaint. Discovery has not been completed and dispositive motions have not been filed.

Accordingly, plaintiff's motion for appointment of counsel **[Doc. #44]** is **DENIED** without prejudice. Plaintiff may renew his motion after the completion of discovery and after a decision on

---

appointment of counsel and the existence of such resources in only limited quantity. "Every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper, 877 F.2d at 172.

2

summary judgment.

    SO ORDERED at Bridgeport this **29** day of January 2004.

                                         HOLLY B. FITZSIMMONS
                                         UNITED STATES MAGISTRATE JUDGE