<u>United States District Court</u>
<u>District Of Connecticut</u>

Duane Ziemba | Civil Action No.
| 3:01 cv 2166 (JCH)(HBF)

vs. |

John Armstrong, et al. | January 27, 2004

<u>Motion To Sustain Admissions Served</u>
<u>On Defendant DeGray As Admitted</u>

   The plaintiff respectfully moves this honorable Court for an order -- Ordering that the request for admissions served on defendant DeGray are deemed admitted, and cannot be withdrawn, due to withdrawel will severely prejudice the plaintiff on the merits. In support the following facts are submitted:

   Plaintiff served on defendant DeGray three set's of request for admissions (1st, 2nd and 3rd) dated November 25, 2003, November 25, 2003 and December 2, 2003. Attached hereto exhibit A, B and C.

By order of this Court dated December 2, 2003, the defendants were ordered to file their responses to the plaintiff's discovery on or before January 15, 2004. Defendant DeGray, has blatantly defied this order by the Court, by failing to file responses to all three request for admissions. The plaintiff was not required to, however he still did, informally attempt to resolve this matter by sending counsel for the defendants two letters dated January 15 and 21, 2004. The three set's of request for admissions have not been responded to and the two informal letters have not been responded to. (Two letters are exhibit D.)

Pursuant to Rule 36, Fed.R.Civ.P., plaintiff does not need to take any action, it is <u>automatic</u> that these admissions are admitted. Rule 36: "The matter is admitted unless, within 30 days after service of the request the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."

Defendant DeGray did not file any written answer or objection within 30 days. In addition, he

#2

has openly defied the 12/2/03 order by the Court. Therefore, due to all of these foregoing facts, the plaintiff respectfully requests the following: (1) For the record to clearly reflect that these three request for admissions 1st, 2nd and 3rd are admitted; and (2) For an order that these request for admissions cannot be withdrawn, because withdrawel will severely prejudice the plaintiff on the merits.

    Wherefore, this honorable Court should grant this motion in all respects.

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#3

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 27th day of January 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#4

# EXHIBIT A

Matthew B. Beizer                    November 25, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

## 1st Request For Admissions Served On Defendant Kevin DeGray

Pursuant to Rule 36, Fed.R.Civ.P., defendant DeGray is directed to make the following admissions in writing under oath, within 30 days.

1. Admit that on March 4, 1999 you went to the plaintiffs cell with a team of guards to conduct a search of the plaintiffs cell.

2. Admit that on March 4, 1999 the plaintiff informed you that his right ankle and foot was seriously injured and he could-not walk.

3. Admit that on March 4, 1999 when Medic McAllister arrived at the plaintiffs cell he did not go into the cell and examine the plaintiffs seriously injured ankle/foot.

4. Admit that on March 4, 1999 you were the supervisory official who supervised and ordered the guards to use

25 consecutive hours.

12. Admit that on March 4, 1999 when you ordered and had the plaintiff four pointed to the steel bed frame that no mattress was provided to the plaintiff.

13. Admit that during the entire four point restraint of the plaintiff on March 4 and 5, 1999 that he was not provided a mattress.

14. Admit that on March 4, 1999 when you order for the plaintiff to be four pointed the guards took the mattress which was in the cell out of the cell and plaintiff was four pointed without a mattress.

15. Admit that on March 4, 1999 when the plaintiff was four pointed he had on only underwear and a t-shirt.

16. Admit that on March 4, 1999 when the plaintiff was four pointed to the bed frame you had the guards take all of plaintiff's legal material out of the cell.

17. Admit that on March 9, 1999 the plaintiff informed you that he could not walk due to his ankle and foot were seriously injured.

#3

# EXHIBIT B

incident report dated March 4, 1999 time 10:30 p.m.

6. Admit to the genuiness of the attached medical incident report dated March 4, 1999 time 11:40 p.m.

7. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 1:40 a.m.

8. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 3:40 a.m.

9. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 5:40 a.m.

10. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 7:50 a.m.

11. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 9:50 a.m.

12. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 11:50 a.m.

13. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 1:50 p.m.

14. Admit to the genuiness of the attached medical

Incident report dated March 5, 1999 time 4:12 p.m.

Respectfully Submitted

*Duane Ziemba*

Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

**Facility** Northern Correctional Institution
**Inmate Name** Ziemba, Duane
**Staff Name** Lyman, Michael
**Report Date** 3/4/99
**Time** 2:55 ☐ a.m. ☑ p.m.
**I.D. no.** 128963
**Incident report submitted** ☑ Yes ☐ No
**Number** 128963
**Date** 3/4/99
**Treatment location:** ZW 119

**Injury Description** (must be completed if no other report): I/M had 2~2 inch lacerations, one very superficial, on anterior portion across lower left wrist.

**Diagnosis:** ←

**Treatment administered:** Visual and tactile assessment of limbs after placement of 4-pt restraints on inmate

**Required follow up:** q. 2 hours and PRN

**Placement after treatment** ZW 119

**Observations/remarks:** A+O x 3. Circulation good x 4. Ample space between limbs and restraints: 2 finger breadths. Alcohol used on lacerations on wrist + 3 bandaids.

**Patient signature** No pen available at this time
**Date**
**Medical staff signature** Michael Lyman RN
**Date** 3/4/99
**Custody staff signature**
**Date**

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI | | |
|---|---|---|---|
| Inmate Name | Ziemba D | Report Date | 3-4-95 |
| Staff Name | | Time | 5:45 p.m. |
| Incident report submitted ☐ Yes ☐ No | Number | I.D. no. | 128653 |
| | | | Date |
| Treatment location: 2W119 | | | |

**Injury Description** (must be completed if no other report): D/C 4 pt. Restraints

**Diagnosis:**

**Treatment administered:** D/C 4pt. restraints, cleaned place, reported laceration to R wrist

**Required follow up:**

**Placement after treatment**

**Observations/remarks:** 4pts in good. place reported cleaned c new DSD laceration to R

**Patient signature**

| Medical staff signature R Bernard HN | Date |
|---|---|
| Custody staff signature | Date 3-4-95 |
| | Date |

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| | |
|---|---|
| Facility: Northern Correctional Institution | |
| Inmate Name: Zienka, D | Report Date: March 4, 1999 |
| Staff Name: Lyman, Michael | Time: 6:30 ☐ a.m. ☑ p.m. |
| Incident report submitted: ☑ Yes ☐ No | I.D. no. 128863 |
| Treatment location: ZW 119 | Number 128963   Date 3/4/99 |

**Injury Description** (must be completed if no other report): No new medical issues/complaints presented at this time

**Diagnosis:** ∅

**Treatment administered:** restraints. Visual and tactile assessment of limbs while in 4-pt

**Required follow up:** q. 2 hours and PRN

**Placement after treatment:** ZW 119

**Observations/remarks:** A+O×3. Circulation good ×4. Ample space = 2 finger breadths between limbs and restraints. Laceration on left wrist remains covered. No new medical issues/complaints presented at this time.

**Patient signature:** No pen available at this time     Date
**Medical staff signature:** Michael Lyman, RN     Date 3/4/99
**Custody staff signature:**     Date

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI | | |
|---|---|---|---|
| Inmate Name | ZIEMBA, D | Report Date | 3-4-99 |
| Staff Name | | Time | 8:35 p.m. |
| Incident report submitted ☐ Yes ☐ No | | I.D. no. | |
| | Number | | Date |
| Treatment location: | JW | | |

**Injury Description** (must be completed if no other report): ✓ of 4pt Restraints

**Diagnosis:**

**Treatment administered:** ✓ of 4pt Restraints

**Required follow up:** ✓ of restraints in 2 hours

**Placement after treatment**

**Observations/remarks:** Restraints in good order

**Patient signature**

| Medical staff signature | [signature] RN | Date | |
| Custody staff signature | | Date | 3-4-99 |
| | | Date | |