<u>United States District Court</u>  FILED
<u>District Of Connecticut</u>  2004 JAN 30  P 3: 26

| | |
|---|---|
| Duane Ziemba | Civil Action No. |
| | 3:01 cv 2166 (JCH)(HBF) |
| vs. | |
| John Armstrong, et al. | January 27, 2004 |

<u>Motion For Default Against</u>
<u>Defendant Myers</u>

   The plaintiff respectfully moves this honorable Court to enter a default judgment against defendant Myers, due to the following facts:

   1. By order of this court dated December 2, 2003, the defendants were ordered to file their responses to plaintiff's discovery on or before January 15, 2004.

   2. Defendant Myers, has <u>blatantly defied</u> this order by the Court. By his failing and refusing to file responses to the interrogatories served on him by plaintiff dated: November 21, 2003 and December 2, 2003. See exhibit A and B.

3. The plaintiff attempted to informally resolve this matter with counsel for the defendants, by two letters dated: January 15 and 21, 2004. See exhibit C. No response to these letters was received.

Wherefore, default should be entered against defendant Myers, with sanctions, for his openly defying the order by the court and failure to file responses to the (two sets) of interrogatories.

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#2

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 27th day of January 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#3

# EXHIBIT A

Matthew B. Beizer        November 21, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105
Re: Ziemba V. Armstrong, et al, No. 3:01 cv 2166 (JCH)(HBF)
       Interrogatories Served On
       Defendant Larry Myers

  Pursuant to Rule 33, Fed.R.Civ.P., defendant Myers is directed to answer each of the following interrogatories in writing under oath, within 30 days.

  1. With respect to your employment with the Connecticut Department of Correction, please state the title of each position you have held and the inclusive dates of each position?

  2. Please state the specific date that you retired from the Department of Correction?

  3. On March 4 and 5, 1999 were you the lead Warden of Northern C.I.?

  4. On March 4 and 5, 1999, by refering to records state specifically the hours that you worked at Northern C.I.?

5. Referring to records, on March 4, 1999 at Northern C.I., please explain and state did you tour the prison and go into West two Unit and see the plaintiff in 119 cell when he was four pointed to the steel-bed frame?

6. On March 5, 1999 at Northern C.I., by refering to records, explain and state, did you personally tour West two unit and see and talk to the plaintiff who was in four point restraints in 119 cell?

7. During the time that you were the Warden at Northern C.I. was it a policy or a custom to provide a mattress to inmates when they were four pointed?

8. On March 4 and 5, 1999 at Northern C.I. was it a policy or custom or practice to provide inmates with a mattress when they were placed in four point restraints?

9. At Northern C.I. on March 4 and 5, 1999 you were in fact the lead Warden and head Supervisory Official, please explain and state the reason why the plaintiff was four pointed on these days for more than 25 consecutive hours?

10. During your entire employment with the

Connecticut Department Of Correction have you ever recalled, witnessed or ever remembered any other restraint of an inmate lasting for more than 25 consecutive hours?

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

# EXHIBIT B

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

December 2, 2003

Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

Interrogatoris Served On
Defendant Larry Myers

Pursuant to Rule 33 and 34 Fed.R.Civ.P., defendant Myers is directed to in writing under oath answer each of the following interrogatories, and produce the requested documents, within 30 days.

1. Please refer to the attached 14 Medical Incident Reports dated March 4 and 5, 1999. These are the 14 Medical Incident Reports involving the plaintiff being restrained in the Full Stationary Restraints for more than 25 consecutive hours as described in this lawsuit. Do you agree with the fact that these documents show the following facts: That on March 4, 1999 at 2:55 p.m. plaintiff was placed into the four point restraints and on March 5, 1999 at 4:12 p.m he was removed from the four point restraints.

Therefore the plaintiff was left four pointed to the steel bed frame for 25 hours and 17 minutes. Do you agree with these facts and evidence?

2. During your entire employment with the Connecticut Department of Correction have you ever known of or witnessed any other person besides the plaintiff, who was left in four point restraints for more than 25 consecutive hours? If yes, state and identify the date, full name of the person and nature of the incident. And produce any and all documents pertaining to any other four point restraint which continued for more than 25 consecutive hours.

3. Please refer to the attached 14 Medical Incident Reports. March 4, 1999 time 2:55 p.m, at 5:15 p.m, at 6:30 p.m, at 8:35 p.m, at 10:30 p.m, and at 11:40 p.m. March 5, 1999 time 1:40 a.m., at 3:40 a.m, at 5:40 a.m., at 7:50 a.m., at 9:50 a.m., at 11:50 a.m, at 1:50 p.m., and at 4:12 p.m. Defendant Myers do you agree when refering to these Medical Incident Reports with the following facts and evidence: That during these checks of the plaintiff the only time that it is stated that the plaintiff was hostile is at the March 5, 1999 1:50 p.m. check

#2

of the plaintiff. Please explain and in detail state the reason of why was the plaintiff left in the four point restraints for more than 25 consecutive hours? Moreover: this is a very clear interrogatory, do you agree that the attached Medical Incident Reports show that the plaintiff was only hostile at the March 5, 1999 1:50 p.m. check? And state the reason why the plaintiff was left four pointed for more than 25 consecutive hours?

4. On March 4 and 5, 1999 when the plaintiff was placed into the Full Stationary Restraints described in this lawsuit, please identify every single written policy or Directive which were in effect governing this use of force and restraint. And produce any and all documents of these policies or Directives which were in effect on these dates.

5. On March 4, 5 and 9, 1999 when the use of force was used on the plaintiff, please identify every single and any and all written policies or Directives which were in effect governing the use of force used on the plaintiff as described in this lawsuit. And produce any and all of

#3