<u>United States District Court</u>
<u>District Of Connecticut</u>

| | |
|---|---|
| Duane Ziemba | Civil Action No. 3:01 cv 2166 (JCH)(HBF) |
| vs. | |
| John Armstrong, et al. | January 27, 2004 |

<u>Memorandum Of Law In Support</u>
<u>Of Motion Compelling Videotapes</u>

I. <u>Preliminary Statement</u>

The plaintiff, in the care and custody of the Department of Correction, in March 1999 was subjected to excessive use of force by the defendants, and tied down by his hands and feet to a steel bed frame for more than 25 consecutive hours, and in retaliation, deliberately tortured.

II. <u>Facts</u>

By order of the Court dated December 2, 2003, plaintiff and defendants were ordered to file their written requests for production on or before December 12, 2003. Plaintiff complied by filing a request for production of videotapes dated

November 18, 2003, exhibit A. The 12/2/03 order by the Court <u>also ordered</u> for the defendants to file their responses to plaintiff's discovery on or before 1/15/04. <u>The defendants have openly defied this order, by failing to file responses to all of plaintiff's discovery, including herein the request for the production of videotapes.</u> In good faith, plaintiff informally attempted to resolve this matter, by two letters to counsel for the defendants dated 1/15/04 and 1/21/04, exhibits B. Plaintiff did not receive a response to these two (2) letters. And the videotapes have not been produced.

    It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts". <u>Godsey v. United States</u>, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, <u>Demary v. Yamaha Motor Corp.</u>, 125 F.R.D. 20, 22 (D. Mass. 1989) and cases cited; <u>Krewson v. City of Quincy</u>, 120 F.R.D. 6, 7 (D. Mass. 1988).

    With emphasis: the videotapes of evidence sought is extremely relevant to the claims in this case. Indeed, these videotapes are the most <u>essential evidence</u> in this case. Rule 34, Fed. R.

#2

Civ.P., provides that these sought videotapes may be produced to the person who is acting on the requestor's (plaintiff's) behalf. ⟶ Please see exhibit A, the production request, which does clearly identify the person acting on the plaintiff's behalf: Pamela Ziemba and her address.

It is very important, that without any further (intentional) delay, the defendants produce these videotapes of evidence. Not only is the production of these tapes <u>essential</u> for trial preparation, but also is <u>essential</u> to preserve the <u>integrity</u> of said tapes. Fed.R.Civ.P., mandate that the defendants produce these videotapes. And justice should require for the defendants to comply with the Fed.R.Civ.P., and the production of the videotapes to Pamela Ziemba to ensue.

<u>Wherefore, for all the foregoing reasons this honorable Court should grant this motion compelling videotapes.</u>

#3

Respectfully Submitted

Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 27th day of January 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

By: Duane Ziemba
Duane Ziemba

#4

# EXHIBIT A

Matthew B. Beizer                                   November 18, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

### Request For Production Of Videotapes

Pursuant to Rule 34 Fed.R.Civ.P., the defendants are respectfully directed to produce the following videotapes to Pamela Ziemba at 274 Plaza Drive Middletown, CT. 06457, within 30 days.

1. Copies of the videotape recordings of the incidents on March 4 and 9, 1999 and any and all other videotape recording pertaining to this lawsuit and the claims in the Amended Complaint.

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

# EXHIBIT B

<u>Attachment A-1</u>

Matthew B. Beizer        <u>January 15, 2004</u>
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

<u>Attempted Informal Resolution</u>

Dear Attorney's Beizer and Parille

    I served a request for production of videotapes on the defendants dated November 18, 2003, and I have not received a response and the videotapes have not been produced. By Order of the Court dated December 2, 2003, it was ordered that this discovery be responded to on or before January 15, 2004. Please immediately have the defendants produce copies of the said videotapes.

                       Sincerely, Duane Ziemba
                       Duane Ziemba #128963
                       Northern C.I. Box 665
                       Somers, CT. 06071

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

January 21, 2004

<u>Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)</u>
<u>Second Discovery Attempted Informal Resolution</u>

Dear Attorney's Beizer and Parille

　　Please find attachments A-1 through A-9. I sent to you these nine (9) letters on January 15, 2004, which was my first attempt to resolve the discovery matters in this above captioned case. I have not received a response and the discovery material has not been produced.
I, am again, respectfully requesting for the defendants to comply with the Fed.R.Civ.P. and the order by the Court dated December 2, 2003, and for the requested discovery to be immediately produced.

　　　　　　　　　Sincerely, Duane Ziemba
　　　　　　　　　Duane Ziemba #128963
　　　　　　　　　Northern C.I. Box 665
　　　　　　　　　Somers, CT. 06071