<u>United States District Court</u>
<u>District Of Connecticut</u>

FILED
2004 JAN 30 P 3: 26

Duane Ziemba

Vs.

John Armstrong, et al.

Civil Action No.
3:01 CV 2166 (JCH)(HBF)

January 28, 2004

<u>Plaintiff's Memorandum Of Law In
Opposition To Defendant's Objection
To Plaintiff's Motion For Leave
To Amend His Complaint</u>

The plaintiff respectfully opposes the defendant's objection dated 1/22/04 to the plaintiff's motion for leave to amend his complaint.

The defendants specifically object to the plaintiff's proposed amended complaint raising the claims of failure to train and supervise D.O.C. employees. → The whole crux of this lawsuit is that defendants Armstrong and Myers failed to train and supervise their subordinates, and thus, caused the excessive use of force against the plaintiff and

back of amendments, the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). See Seigel v. Converters Transportation, Inc., 714 F.2d 213, 216 (2d. Cir. 1983) (relation back provision of Rule 15(c) is to be liberally construed to ensure that claims are decided on the merits rather than on procedural technicalities).

Moreover, it is very clear, and was from the beginning (original pleading) that the whole crux of this case is that defendants Armstrong and Myers failed to train and supervise their subordinates and thus, caused the Constitutional violations herein this lawsuit.

"The same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same "conduct, transaction or occurrence."" Wasik v. Stevens Lincoln-Mercury, Inc., 2000 U.S. Dist. LEXIS 15438 *10 (D. Conn. March 20, 2000).

"A plaintiff is generally permitted to amend his complaint after the statute of limitations has passed where he seeks to correct or elaborate

#3

upon the factual details as set forth in his original pleading." McCarthy v. Associated Clearing Bureau, Inc., 1999 U.S. Dist. LEXIS 21933 *13 (D.Conn. Sep. 3, 1999). "'Amplification of previously alleged claims is one of the clearest cases for leave to amend.'" Wells v. Harris, 185 F.R.D. at 132.

Moreover, even if there were some doubt about the claims set forth or attempted to be set forth in the plaintiff's pro se complaint (and there is not) "[T]he Court 'must construe pro se pleadings broadly, and interpret them "to raise the strongest arguments they suggest."'" Parsons v. Pond, 126 F. Supp. 2d 205, 207 (D.Conn. 2000) (JCH) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2nd Cir. 2000). See also Sundwall v. Leuba, 2001 U.S. Dist. LEXIS 737 *3 (D. Conn. January 23, 2001) (JCH) (same); Clark v. Tosco Corp., 2000 U.S. Dist. LEXIS 19368 *3 (D. Conn. October 17, 1998) (JCH) ("The Court is bound to construe pro se complaints liberally.").

"Rule 15(a) requires that a Court's permission to amend a pleading 'shall be freely given when justice so requires.'" Kim v. Convent of the Sacred Heart, 1998 U.S. Dist. LEXIS 6692 *3 (D.Conn. 1998) (quoting Fed.R.Civ.P. 15(a)); Conntect,

#4