UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DUANE ZIEMBA
                                PRISONER CASE NO.
   v.                         3:01-cv-2166 (JCH) (HBF)

JOHN ARMSTRONG, ET AL.

**RULING AND ORDER**

Pending four motions filed by the plaintiff. For the reasons set forth below all four motions are denied.

I.   Motions to Sustain Admissions [docs. ## 53, 54]

On February 9, 2004, the plaintiff moved to withdraw multiple motions. (See doc. # 63.) Those motions included his Motions for Default [docs. ## 56-59], his Motions for Sanctions [doc. # 55] and his Motions to Sustain Admissions [docs. ## 53, 54]. On February 17, 2004, the court granted the plaintiff's motion to withdraw, but only referenced motions ## 55-59. (See doc. # 66.) Thus, the motions to sustain admissions remain pending. Because it is clear that the plaintiff also sought to withdraw the motions to sustain admissions, those motions are denied as moot.

II.   Motion for Leave to File an Amended Complaint [doc. # 43]
       Motion to Expedite [doc. #70]

The plaintiff seeks leave to file a second amended complaint to add claims against defendants Myers and Armstrong. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party." Rule 15(a), Fed. R. Civ. P.

Although a court should grant leave to amend "when justice so requires," the Second Circuit has observed that a "'district court need not allow itself to be imposed upon by the presentation of theories seriatim.'" Id.; State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (citation omitted). Here, the defendants filed an answer to the first amended complaint on October 28, 2003. Thus, the plaintiff must seek leave to file an amended complaint.

Underlying Rule 15(a) is an assumption that the amended or supplemental complaint will clarify or amplify the original cause of action rather than incorporate additional causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

In the complaint and first amended complaint, the plaintiff bases his claim of supervisory liability as to defendants Myers and Armstrong on their actual notice of the use of excessive force and retaliatory action taken by officers at Northern against the plaintiff and their failure to remedy the unconstitutional behavior of the officers after learning about it through letters from the plaintiff. The plaintiff now seeks to add claims that defendants

2

Armstrong and Myers were liable as supervisors because they failed to create adequate policies concerning the application of four point restraints on inmates and failed to supervise and train correctional officers who improperly applied the four point restraints to the plaintiff in March 1999.  The defendants argue that the new claims do not arise out the same conduct or occurrence set forth in the complaint and first amended complaint and are barred by the statute of limitations.

The plaintiff does not allege that the allegations he seeks to add regarding the supervisory liability of defendants Armstrong and Myers were not known to him when he filed his original and first amended complaint.  The plaintiff is not a novice litigator and has commenced and litigated twelve cases in this court.  The plaintiff was certainly on notice of the various factual allegations upon which supervisory liability may be based when the defendants filed a motion to dismiss the first amended complaint in November 2002.  The defendants raised the issue of supervisory liability in their motion to dismiss.  In addition, the court also discussed the issue of supervisory liability in its ruling on the motion to dismiss in June 2003.  Yet the plaintiff did not move to file a second amended complaint raising the new claims against defendants Armstrong and Myers until November 2003.[1]  The plaintiff provides no reasons for

---

[1] The plaintiff filed a motion for leave to file a second amended complaint on November 18, 2003.  On December 11, 2003, he withdrew the motion in view of the defendants' objection to the motion and because he wanted to find an attorney to assist him in

his delay in seeking leave to amend the complaint to add the new supervisory liability claims. The court concludes that to permit the plaintiff to amend/supplement his complaint at this stage of the litigation would unnecessarily delay the case and would also prejudice the defendants. See Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1984) (undue delay, bad faith and prejudice to opposing party are "touchstones" of court's discretion to deny leave to amend); Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir.2002) ("Where it appears that granting leave to amend is unlikely to be productive ... it is not an abuse of discretion to deny leave to amend.")(citation omitted). In addition, permitting the plaintiff to amend file a second amended complaint to add new claims against defendants Armstrong and Myers would be futile because those claims are barred by the statute of limitations. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (An amendment to a pleading is futile where the claim is barred by the applicable statute of limitations period), cert. denied, 532 U.S. 923 (2001).

Thus, for all of the reasons set forth above, the court concludes that, at this stage of the proceedings, justice does not require the court to permit the plaintiff to file an second amended complaint to add new allegations against defendants Myers and Armstrong. Accordingly, the plaintiff's motion for leave to file a

---

filing a second amended complaint. He then re-filed the motion for leave to amend on December 31, 2003.

an amended complaint is denied.  The motion for a ruling on the motion for leave to amend is denied as moot.

## Conclusion

The plaintiff's Motions to Sustain Admissions [docs. ## 53, 54] are DENIED as moot.  The plaintiff's Motion for Leave to File an Amended Complaint [doc. # 42] is DENIED.  The plaintiff's Motion for a Ruling on Motion for Leave to Amend [doc. # 70] is DENIED as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of April 2004.

                /s/
                Holly B. Fitzsimmons
            United States Magistrate Judge