United States District Court
District Of Connecticut

FILED
2004 JUN 21 P 4:40
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| Duane Ziemba | Civil Action No. |
| | 3:01 cv 2166 (JCH)(HBF) |
| Vs. | |
| John Armstrong, et al. | June 9, 2004 |

## Supplemental Motion For Default, Contempt Of Court And Sanctions And Response To Defendants' Objection To Plaintiff's Motion Thereof

The plaintiff hereby respectfully submits this Supplemental to his motion for default and sanctions dated May 12, 2004 and response to defendants' objection thereto. Default, or Contempt of Court with Sanctions should be entered against the defendants' due to the following facts:

1. Defendants' allege in their objection that plaintiff's motion should be denied due to plaintiff did not contact counsel regarding the discovery dispute and has not filed

a motion to compel discovery, and therefore default and sanctions is premature.
The defendants' claim is frivolous because plaintiff was not required to take the above action after the Court's order was already issued.    Defendants continue to overtly circumvent the Fed.R.Civ.P. to very deliberately hinder resolution of this action!

<u>Facts:</u>  This Court in its Order [Doc.#49] dated January 5, 2004 ordered the defendants to respond to pending discovery before January 30, 2004, or thirty days after a ruling on a refiled Motion for Leave to Amend the Amended Complaint. The ruling on the refiled Motion for Leave to Amend the Amended Complaint was on April 2, 2004. Therefore (as ordered) defendants had to May 2, 2004 to file responses to pending discovery. - - - It is now June 9, 2004 and no responses to pending discovery has been filed, therefore defendants have blatantly defied said Court order. There is no argument.    Once a Court order is already issued as it was in this case, Fed.R.Civ.P. does not require plaintiff to take any action to enforce said Court

#2

order -- or ultimately the authority of law of this Court. The defendants' have overtly challenged this honorable Court's authority of law by blantantly defying said order by this Court. Accordingly, default -- or contempt of Court with sanctions should be entered against the defendants'.

2. In Objection at 2., Counsel for defendants' has overtly lied to this honorable Court by claiming: "Due to an oversight, the defendants' have not yet responded to this discovery."
With emphasis: Counsel fails to identify the alleged "oversight" reason. If the oversight reason is counsel did not realize that the Court's said order triggered the time period for responding to plaintiff's discovery -- this claim fails and counsel is still a circumventing liar. Because the plaintiff's motion for default and sanctions dated May 12, 2004 (and filed thereon) placed counsel on notice of said court order and that responses to pending discovery is over due. But despite this

#3

notice of May 12, 2004 counsel failed to even file his frivolous objection until June 2, 2004.

3. In Objection at 3., counsel states: "The defendants are in the process of responding to plaintiff's discovery". It is after the fact of the defendants' defying said court order, therefore legally irrelevant that now they are in the process of responding to the discovery. This lawsuit is arising out of the defendants' in 1999 grotesquely tortured the plaintiff, by chaining him down to a steel bed frame by his hands and feet for more than 25 consecutive hours.     It is now after the fact of the horrific torture, which does not preclude civil liabilities against the sadistic defendants'. And that it is after the fact of the defendants' defying the said court order, and now they are "in the process of responding to the discovery" --- Does not preclude default, or contempt of court with sanctions from being entered against the defendants'. Because ultimately the defendants' remain

#4

guilty of defying the Court's order.

Wherefore, for the foregoing reasons default — — or Contempt of Court with Sanctions should be entered against the defendants'.

Respectfully Submitted
The Plaintiff
Duane Ziemba
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#5

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of June 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#6