UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:01CV2166 (JCH)(HBF) |
| v. | : |  |
| JOHN ARMSTRONG, ET AL. | : | JULY 28, 2004 |

## DEFENDANTS' LOCAL RULE 56(a)2 STATEMENT

1. The plaintiff is a pro se inmate who at all times pertinent to this action was incarcerated at Northern Correctional Institution ("Northern").

2. At all times pertinent to this action, the defendants were employees of the Connecticut, Department of Correction ("DOC"). (Complaint).

3. Defendant Armstrong, the former Commissioner of the DOC, was not at Northern and had no knowledge of the incidents of March 4 and 9, 1999 involving the plaintiff which are the subject of his complaint. (Armstrong Affidavit, para. 10).

4. Defendant Myers, the former Warden at Northern, had no role in the decisions made by correctional staff during the incidents of March 4 and 9, 1999. (Myers Affidavit, para. 6).

5. Defendant Myers became the Warden at Northern on February 1, 1999.

6. Defendant McAllister examined the plaintiff on March 4, 1999 for complaints of a broken foot and a lacerated wrist. (Medical Incident Report, 3/4/99).

7. On or about March, 1999, the plaintiff did not suffer from a broken foot. (Medical Incident Report, 3/4/99).

8. On March 4, 1999, the plaintiff refused to comply with direct orders from Captain DeGray to go to the showers. (Videotape).

9. On March 4, 1999, at approximately 10:40 a.m., after the plaintiff refused to comply with direct orders from Captain DeGray to go to the showers, the plaintiff was escorted a distance of approximately ten yards--through a minimal use of force--to the showers. (Videotape).

10. Approximately ten minutes later, the plaintiff was escorted a distance of approximately ten yards--with a minimal use of force--back to his cell. (Videotape).

11. At approximately 2:30 p.m. on March 4, 1999--with a minimal use of force--the plaintiff was placed in four point restraints. (Videotape).

12. When placed in four point restraints, the plaintiff's wrists were assessed and treated by correctional medical staff and he was seen by a member of Northern's mental health staff. (Videotape).

13. On March 9, 1999, the plaintiff refused to comply with direct orders from Captain DeGray to go to the showers. (Videotape).

14. On March 9, 1999, after the plaintiff refused to comply with direct orders from Captain DeGray to go to the showers, the plaintiff was escorted a distance of approximately ten yards--through a minimal use of force--to the showers. (Videotape).

15. Approximately ten minutes later, the plaintiff was escorted a distance of approximately ten yards--with a minimal use of force--back to his cell. (Videotape).

        DEFENDANTS,
John Armstrong, Kevin DeGray, Larry Myers, and Reginald McAllister

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____/s/_____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following this 28th day of July, 2004:

Duane Ziemba #128963
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

_____/s/_____
Matthew B. Beizer
Assistant Attorney General