## United States District Court
## District Of Connecticut

United States District Court
District of Connecticut
FILED AT
_____ 8/6/04 ___
By _____

Duane Ziemba | Civil Action No.
 | 3:01 cv 2166 (JCH)(HBF)
Vs. |
 |
John Armstrong, et al. | August 3, 2004

## Motion To Compel Discovery

Pursuant to Rule 34(b) and 37(a), Fed.R.Civ.P., the plaintiff hereby moves for an order compelling defendant Armstrong to file responses to interrogatories served on him dated November 21, 2003.

## I. Facts:

The plaintiff served interrogatories on defendant Armstrong dated November 21, 2003 Exhibit A. Defendant Armstrong filed responses thereto dated June 23, 2004 also Exhibit A. Armstrong filed an objection to number 1 and 2 refusing to answer each highly relevant interrogatory — in violation of Fed.R.Civ.P. Therefore the plaintiff sent to counsel a letter

1

dated July 9, 2004 Exhibit B., attempting to informally resolve this matter. Counsel has failed and refused to respond.

II. Legal Argument:

Please See Exhibit A, Interrogatory number 1., which states: "State the number of and the full name of inmate deaths in four-point restraints within the Connecticut Department of Correction"? See Interrogatory number 2., which States: "State the dates and full name of the deaths of each inmate in four-point restraints within the Department Of Correction"?

These interrogatories are highly relevant hereto the subject matter of this lawsuit. That the defendants used excessive force on the plaintiff and physically tortured him in four-point restraints for more than 25 consecutive hours (the acts and omissions of the defendants proximately caused plaintiff's suffering, injuries and death). — — Because prior to the defendants utilizing the four-point restraints on plaintiff herein, there was one or more inmate (killings) deaths within the Department in four-point restraints. And notwithstanding

2

these deaths (inmates being killed) defendant
Armstrong took no action to remedy the wrong.
As the supervisory official he did in fact:
(1) failed to remedy the wrong; (2) he created
the policy and custom under which the
unconstitutional practices occurred of inmates
being killed (proximately causing plaintiff's death)
; (3) he was grossly negligent in supervising
his subordinates (who tortured plaintiff, inter alia)
; and (4) he exhibited deliberate indifference
to the rights of inmates by failing to act on
the information indicating that unconstitutional
(killings) were occuring. See Colon v.
Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Williams
v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986);
McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983);
Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002); and
Provost v. City of Newburgh, 262 F.3d 146, 156
(2d Cir. 2001).

  Wherefore, for the foregoing reasons this
honorable Court should order defendant
Armstrong to specifically answer interrogatory
number 1 and 2.

3

Respectfully Submitted

*Duane Ziemba*

Duane Ziemba # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of August 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

4

# 4

# EXHIBIT A

5

Matthew B. Beizer                    November 21, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105


Ziemba V. Armstrong, et al. No. 3:01 CV 2166 (JCH)(HBF)

DEFENDANT'S RESPONSES TO

Interrogatories Served On
Defendant John Armstrong

Pursuant to Rule 33, Fed.R.Civ.P., defendant Armstrong
is directed to answer each of the following
interrogatories in writing under oath, within 30 days.


1. State the number of and the full name of
inmate deaths in four-point restraints within the
Connecticut Department of Correction?

See attached.

2. State the dates and full name of the deaths
of each inmate in four-point restraints within the
Department of Correction?

See attached.

3. State the date that you retired as the
Commissioner of the Connecticut Department of
Correction?

See attached.

4. On March 4 and 5, 1999 was it a policy to provide

inmates with a mattress when inmates were four pointed in restraints to the steel bed frame at Northern Correctional Institution.

See attached.

5. On March 4 and 5, 1999 the plaintiff was four-pointed to a steel bed frame for more than 25 consecutive hours, please state and explain, during your entire employment with the Department of Correction how many time do you know of that a restraint has lasted this long?

See attached.

Respectfully Submitted,
Duane Ziemba
Duane Ziemba # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | PRISONER | |
| DUANE ZIEMBA | : | CIVIL NO. 3:01CV2166 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JUNE 23, 2004 |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES SERVED ON DEFENDANT JOHN ARMSTRONG

1.    Objection.  Request is vague and ambiguous and is not reasonable calculated to lead to the discovery of admissible evidence.

2.    Objection.  Request is vague and ambiguous and is not reasonable calculated to lead to the discovery of admissible evidence.

3.    March 31, 2003.

4.    In March, 1999, for purposes of inmate safety, it was not DOC policy to place inmates in restraints on a mattress.

5.    The undersigned does not have a recollection as to the specific number of instances where an inmate was placed in restraint status for twenty-five hours.

### VERIFICATION

I, John Armstrong, hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
John Armstrong

Subscribed and sworn to, before me, this 2nd day of July, 2004.

_____
Notary Public / Commissioner of the Superior Court

8

DEFENDANTS,
John Armstrong, Kevin Degray, Larry Myers,
and Reginald McAllister

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd
~~June,~~ July 2004:

Duane Ziemba  # 128963
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____

Matthew B. Beizer
Assistant Attorney General

2

9

# EXHIBIT B

Matthew B. Beizer            July 9, 2004
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105


Re: Ziemba V. Armstrong, No. 3:01 cv 2166 (JCH) (HBF)
      Attempted Informal Discovery Resolution


Dear Attorney's Beizer and Parille

     In good faith I am attempting to informally
resolve this discovery matter(s). With respect to
Interrogatories Served on defendant Armstrong
dated November 21, 2003 and responses
thereto dated June 23, 2004:


     1. See Interrogatory number 1., which States:
"State the number of and the full name of
inmate deaths in four - point restraints
within the Connecticut Department of Correction"?
Defendant Armstrong filed an objection claiming:
"Request is Vague and ambiguous and is not
reasonable calculated to lead to the
discovery of admissible evidence".
Pursuant to Rule 37. (a)(3) Fed. R. Civ. P., this
Objection Constitutes an evasive answer/response

and is treated as a failure to disclose, answer and respond.

Because this Interrogatory is very clear and not vague or ambiguous. Additionally this Interrogatory is highly relevant to the subject matter of this case, of in fact prior to the plaintiff being physically tortured in the restraints for more than 25 consecutive hours, there were several inmate deaths (Killings) in said restraints.

2. See Interrogatory number 2, which states: "State the dates and full name of the deaths of each inmate in four-point restraints within the Department of Correction"?

Defendant Armstrong filed an objection claiming: "Request is vague and ambiguous and is not reasonable calculated to lead to the discovery of admissible evidence".

Pursuant to Rule 37.(a)(3) Fed.R.Civ.P., this objection constitutes an evasive answer/response and is treated as a failure to disclose, answer and respond. Because of the very same reasons stated in the above attempted resolution.

I am respectfully requesting for defendant

#2

Armstrong to refile responses to Interrogatories number 1 and 2 which comply with Fed. R. Civ. P.

Sincerely, Duane Ziemba
Duane Ziemba        # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

13                    #3