# United States District Court
## District Of Connecticut

United States District Court
District of Connecticut
FILED AT
BRIDGEPORT

8-6 2004
Maria C...

| | |
|---|---|
| Duane Ziemba | Civil Action No. 3:01 CV 2166 (JCH)(HBF) |
| VS. | |
| John Armstrong, et al. | August 3, 2004 |

## Motion To Compel Discovery

Pursuant to Rule 34(b) and 37(a) Fed.R.Civ.P., the plaintiff hereby moves this honorable Court for an order compelling defendant Armstrong to file non-evasive responses to the Request For Admissions served on him dated December 2, 2003.

## I. Facts:

The plaintiff served Request For Admissions on defendant Armstrong dated December 2, 2003 Exhibit A. Defendant Armstrong filed responses thereto dated June 22, 2004. In violation of Fed.R.Civ.P. this defendant has (intentionally) failed to admit or deny each matter, and has provided the same blatant evasive

14

response to each matter 1 through 8 and number 12. he has just totally ignored failing to provide any form of a response.

The plaintiff in good faith sent counsel a letter dated July 9, 2004 Exhibit B., attempting to informally resolve matter. Counsel has refused to respond.

## II. Legal Argument:

Rule 36. (a) Fed. R. Civ. P. provides that: "Each matter of which an admission is requested Shall be Separately set forth". "The answer Shall Specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."

Please see the Request For Admissions at 1, 2, 3, 4, 5, 6, 7 and 8 — each is specifically a separate set forth request.

Despite this fact defendant Armstrong failed to admit or deny each matter and he gave the same intentionally evasive response.

Therefore this Court should order Armstrong to file responses which "Specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit"

15

or deny the matter." Rule 36. Fed. R. Civ. P.

Please See Request For Admission at number 9., defendant Armstrong totally failed to admit or deny "that on March 4 and 5, 1999 there was not any written policy or Directive which stated that an inmate placed in Full Stationary Restraints Should be provided with a mattress." Therefore this Court Should order Armstrong to admit or deny, this Specifically Separate Set forth request/matter.

Please See Request For Admission at number 10. Again defendant Armstrong totally failed to admit or deny this Specific Separate Matter. Therefore this Court Should order Armstrong to admit or deny this Specifically Separate Set forth matter.

Please See Request For Admission at number 11. — — Again this defendant totally failed to admit or deny the Specific Separate matter. Therefore this Court Should order Armstrong to admit or deny this Specifically Separate Set forth matter.

16

And please see Request For Admission at number 12. Shockingly, defendant Armstrong utterly ignored this request. He filed no form of response. Therefore this Court should order Armstrong to admit or deny this matter.

Wherefore, this honorable Court should issue an order reflecting foregoing.

Respectfully Submitted
Duane Ziemba
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of August 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

#5

# EXHIBIT A

Matthew B. Beizer                    December 2, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105


Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

DEFENDANT'S RESPONSES TO

2nd Request For Admissions Served
On Defendant John Armstrong

Pursuant to Rule 36, Fed. R. Civ. P., defendant Armstrong
is directed to in writing under oath make the
following admissions, within 30 days.

All responses see attached.

1. Admit that the Administrative Directive 6.5 Use
Of Force In effect On March 4, 5 and 9, 1999 did not
State the following :   A custody Supervisor and a
health Services Staff member Shall confer and
gather pertinent information about the inmate and
the immediate Situation prior to the use of force,
whenever possible.


2. Admit that the Administrative Directive 6.5 Use
Of Force which was in effect on March 4, 5 and 9, 1999
did not State the following :   Each person involved
In the use of force Shall be attentive to and
conscious of change in inmate behavior or demeanor
that might indicate physical distress or any other

20

physical side effect related to the use of force.

3. Admit that the Administrative Directive 6.5 Use of Force Which was in effect on March 4, 5 and 9, 1999 <u>did not</u> state the following: A Supervisor shall limit those staff involved in the use of force to those Who are necessary to control and contain the incident.

4. Admit that the Administrative Directive 6.5 Use Of Force Which was in effect on March 4, 5 and 9, 1999 <u>did not</u> state the following: A Supervisor shall direct the actions of responding staff and continually assess the well-being of both staff and inmates.

5. Admit that the Administrative Directive 6.5 Use Of Force Which was in effect on March 4, 5 and 9, 1999 <u>did not</u> state the following: 4. Procedure. This process Shall be video recorded in accordance with section 16 of this Directive. A video recording shall be designated to each inmate While on full stationary restraint status and the video recording shall be Utilized at least during placement, each (2) hour check, during any notable change in behavior and removal of restraints.

21                                    #2

6. Admit that the Administrative Directive 6.5 Use Of Force Which was in effect On March 4 and 5, 1999 <u>did not</u> State the following at C. Full Stationary Restraints : This procedure Shall be implemented in collaboration With Medical Staff. The inmate Shall be placed on a mattress that is positioned On top of a bed frame and the inmate Shall be positioned face Up. Arms and legs Shall be restrained Such that discomfort to the inmate Is Minimized.

7. Admit that the Administrative Directive 6.5 Use of Force Which was in effect On March 4 and 5, 1999 <u>did not</u> State the following at C. Full Stationary Restraints : A post incident medical evaluation Shall be conducted Upon placement and at the indicated intervals : (a) Circulation— every 15 minutes ; (b) respiration — every 15 minutes ; (c) pulse— every 30 minutes ; (d) blood pressure — every 60 minutes ; and (e) temperature — every 120 minutes. These checks Shall be executed and documented by Health Services Staff in the inmate health record. At least every two (2) hours the restraints Must be totally removed Or Serially removed and each limb of the inmate moved to full range of Motion and assessed for trauma, blood circulation, and/or diminished nerve Sensation.

22                                    #3

8. Admit that the Administrative Directive 6.5 use of Force Which was in effect on March 4 and 5, 1999 <u>did not</u> state the following at C. Full Stationary Restraints: The inmate shall be offered and allowed to attend to bodily functions at a minimum, every two hours. Restrained inmates shall receive normally scheduled meals. Meals shall be bite-sized and served on paper plates, unless a physician has ordered alternate dietary arrangements. If feasible, the inmate may have one (1) arm released to use for feeding. Fluids shall be offered every (2) hours. Food and fluid intake/output and refusal shall be documented. Immediate removal of restraints shall be initiated where a decompensating physical condition of a restrained inmate contraindicates restraints. In such circumstances, the physician shall be notified immediately.

9. Admit to the fact that on March 4 and 5, 1999 there <u>was not</u> any written policy or Directive which stated that an inmate placed in Full Stationary Restraints should be provided with a mattress.

10. Admit to the fact that on March 4 and 5, 1999 there <u>was no</u> form of written policy or Directive within the Department Of Correction which stated

23                                    #4

that an inmate in Full Stationary Restraints should be provided with liquids.

11. Admit to the fact that on March 4 and 5, 1999 there <u>was no</u> — form of written policy or Directive within the Department of Correction which stated that an inmate in Full Stationary Restraints should be provided with food and/or feeding.

12. Admit to the fact that prior to the March 4 and 5, 1999 restraint of the plaintiff described in this lawsuit, that there was one or more deaths of inmates in the Department in Full Stationary Restraints.

Respectfully Submitted

Duane Ziemba

Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#5

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:01CV2166 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JUNE 22, 2004 |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S 2ND REQUEST FOR ADMISSIONS SERVED ON DEFENDANT JOHN ARMSTRONG

1.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

2.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

3.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

4.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

5.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

6.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

7.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

8.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

9.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including the placement of an inmate in full stationary restraints.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

10.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including the placement of an inmate in full stationary restraints.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

11.    Objection.  Request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANTS,
John Armstrong, Kevin Degray, Larry Myers,
and Reginald McAllister

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

26

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd

day of ~~June~~ July, 2004:

> Duane Ziemba  # 128963
> Northern Correctional Institution
> P.O. Box 665
> Somers, CT  06071

<br/>

Matthew B. Beizer
Assistant Attorney General

3

27

# EXHIBIT B

28

Matthew B. Beizer        July 9, 2004
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

Re: Ziemba V. Armstrong, No. 3:01 cv 2166 (JCH)(HBF)
    Attempted Informal Discovery Resolution

Dear Attorney's Beizer and Parille

    In good faith I am attempting to informally
resolve the following discovery matters. With
respect to the 2nd Request For Admissions
Served on Defendant Armstrong dated December 2,
2003 and responses thereto dated June 22,
2004.

    1. See the Request For Admissions at numbers
1, 2, 3, 4, 5, 6, 7, 8 -- each one of these
Request For Admissions requests for
defendant Armstrong to "admit or deny"
Completely different matters pertaining to
Administrative Directive 6.5 Use Of Force.
Defendant Armstrong filed the very same
intentional evasive response as following:
"The defendant admits the content of Doc

29

Administrative Directive 6.5 that was in
effect in March, 1999". Moreover: defendant
Armstrong provided this same evasive
response for each Admission number 1, 2, 3, 4, 5,
6, 7 and 8. Each one of these Admissions is
Completely different and do not even request
this defendant to admit the content of DOC
Directive 6.5 in effect in March, 1999.
Pursuant to Rule 37, Fed. R. Civ. P., each one of
these responses Constitute an evasive
answer and response, and is treated as a
failure to respond.

2. See the Request For Admissions at number
9., which States: "Admit to the fact that on
March 4 and 5, 1999 there was not any written
policy or Directive which stated that an
inmate placed in Full Stationary Restraints
should be provided with a mattress".
Defendant Armstrong responded Stating: "The
defendant admits that DOC Administrative
Directive 6.5 that was in effect in March, 1999
provided the formal written policy for
Utilizing force on an inmate, including the
placement of an inmate in full Stationary
restraints. The defendant admits the content

of DOC Administrative Directive 6.5 that was in effect in March, 1999.

This response Constitutes an evasive response and answer, and is treated as a failure to respond. Because this Request For Admission does not address Directive 6.5, but indeed requests for this defendant to "admit to the fact that on March 4 and 5, 1999 there <u>was not</u> any written policy or Directive which stated that an inmate placed in Full Stationary Restraints should be provided with a mattress".

3. See the Request For Admissions at number 10. Defendant Armstrong filed an evasive response totally failing to admit or deny this Admission.

4. See the Request For Admissions at number 11. Defendant Armstrong filed an evasive response totally failing to admit or deny this Admission.

5. And most shockingly See the facts of defendant Armstrong has failed to even file any form of a response to number 12, Request For Admission.

31                                    # 3

I am respectfully requesting for defendant Armstrong to refile responses which comply with Fed. R. Civ. P.

Sincerely, Duane Ziemba
Duane Ziemba      # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

#4