<u>United States District Court</u>
<u>District Of Connecticut</u>

United States District Court
District of Connecticut
FILED AT
8/6/04
Kevin F. Rowe, Clerk
By _____ Deputy Clerk

| Duane Ziemba | Civil Action No. 3:01 cv 2166 (JCH)(HBF) |
| --- | --- |
| vs. | |
| John Armstrong, et al. | August 3, 2004 |

<u>Motion To Compel Discovery</u>

Pursuant to Rule 34(b) and 37(a), Fed.R.Civ.P., the plaintiff hereby moves for an order compelling defendant Armstrong to file a non-evasive answer/response to the Request For Admissions served on him dated December 2, 2003.

I. Facts:

The plaintiff served request for admissions on defendant Armstrong dated December 2, 2003 Exhibit A. Defendant Armstrong filed responses thereto dated June 22, 2004 also Exhibit A. The number 3. request for admission Armstrong has intentionally given an evasive answer/response. Therefore, plaintiff sent to counsel a letter dated July 9, 2004 Exhibit B., in

33

good faith attempting to informally resolve this matter. Counsel has refused to respond.

## II. Legal Argument

The Said Request For Admission at number 3., States: "Admit to the fact that on March 5, 2003 you revised Directive 6.5 Use of Force and that this revised March 5, 2003 Directive 6.5 Supersedes the attached August 3, 1998 Directive 6.5 Use of Force".

Defendant Armstrong responded Stating: "It is admitted that when a D.O.C. Administrative Directive is revised, it Supersedes the prior version of the Directive".

This response Constitutes an evasive disclosure, answer and response and is treated as a failure to answer/respond pursuant to Rule 37 (a)(3) Fed. R. Civ. P. Because the request is very clear and Specific, with respect to Directive 6.5 Use of Force and the revised version (By this man) of Directive 6.5 Use of Force. This defendants response is blatantly evasive. That whenever or whatever D.O.C.

34

#2

Administrative Directive that is revised, it Supersedes the prior version of the Directive.

The request is very Specific: "Admit to the fact that on March 5, 2003 you revised Directive 6.5 Use of Force <u>and that this revised March 5, 2003 Directive Supersedes the attached August 3, 1998 Directive 6.5 Use of Force</u>".

Wherefore, this honorable Court should order defendant Armstrong to admit or deny that on March 5, 2003 he revised Directive 6.5 Use of Force and that this revised March 5, 2003 Directive Supersedes the attached August 3, 1998 Directive 6.5.

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

35

#3

<u>Certification</u>

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of August 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

36

#4

# EXHIBIT A

Case 3:01-cv-02166-JCH    Document 96    Filed 08/06/2004    Page 5 of 18

Matthew B. Beizer                December 2, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

DEFENDANT'S RESPONSES TO

1st Request For Admissions Served On Defendant John Armstrong

Pursuant to Rule 36, Fed. R. Civ. P., defendant Armstrong is directed to in writing under oath make the following admissions, within 30 days.

All responses see attached.

1. Admit to the genuiness of the attached Administrative Directive 6.5 Use Of Force, with the effective date of August 3, 1998.

2. Admit to the fact that the attached Administrative Directive 6.5 Use Of Force, ⟶ effective date August 3, 1998, that this is the Use Of Force Directive which was in effect on March 4, 5 and 9, 1999.

3. Admit to the fact that on March 5, 2003 you revised Directive 6.5 Use Of Force and that

38

this revised March 5, 2003 Directive 6.5 Supersedes the attached August 3, 1998 Directive 6.5 Use Of Force.

Respectfully Submitted

*Duane Ziemba*

Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

39

#2

| State of Connecticut<br>Department of Correction | DIRECTIVE NUMBER<br>6.5 | EFFECTIVE DATE<br>August 3, 1998 | PAGE 1 OF<br>6 |
|---|---|---|---|
| ADMINISTRATIVE<br>DIRECTIVE | SUPERSEDES:<br>Use of Force - 1/25/93 | | |
| APPROVED BY<br>6/25/98 | TITLE:<br>Use of Force | | |

1. **Policy.** Use of physical force shall be authorized only when reasonably necessary to protect any person, prevent escape, prevent damage to property, or maintain order and discipline. The level of physical force shall be minimal, incremental and appropriate to the immediate circumstances.

2. **Authority and Reference.**

    A. Connecticut General Statues Section 18-81, 53a-18, 53a-19, 53a-20, 53a-21 and 53a-22.
    B. American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standards 2-3158 and 2-3159.
    C. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standards 3-4087, 3-4183, 3-4194, 3-4196, 3-4198 and 3-4268.
    D. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-1D-17, 3-ALDF-3A-17, 3-ALDF-3A-28, 3-ALDF-3A-29, 3-ALDF-3A-31, and 3-ALDF-3E-08.
    E. Administrative Directives 2.7, Training and Staff Development; 6.4, Transportation and Community Supervision of Inmates; 6.6, Reporting of Incidents; 6.9, Control of Contraband and Physical Evidence; 7.2, Armories; 7.4, Emergency Response Units; and 9.4, Restrictive Housing.

3. **Definitions.** For the purposes stated herein, the following definitions apply:

    A. **Chemical Agent Devices.** Chemical agent devices consist of two (2) categories: (1) Category I devices are hand held aerosol dispensers and (2) Category II devices consist of all methods of administration other then hand held aerosol devices.
    B. **Deadly Physical Force.** Force which may reasonably be expected to cause death or serious injury.
    C. **Force.** Physical contact or contact through use of an armory item by a staff member in a confrontational situation to establish control or restore order.
    D. **Full Stationary Restraint.** Securing an inmate by the four (4) points of the arms and legs to a stationary horizontal surface or device, restricting the inmate's movement.
    E. **In-Cell Restraint.** Restraint within a cell of an acutely disruptive inmate utilizing one or more of the following restraining devices as appropriate: soft restraints, handcuffs, leg irons, bellychains, flex cuffs and/or black box.
    F. **Non-Deadly Physical Force.** Physical force not intended nor reasonably expected to cause death or serious injury.
    G. **Lethal Ammunition.** Ammunition that when used may reasonably be expected to cause death or serious injury.

40

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 6.5 | August 3, 1998 | 2 | 6 |

| TITLE |
|---|
| Use of Force |

  H. <u>Non-Lethal Ammunition</u>. Ammunition, to include Category II chemical agent projectiles, not reasonably expected to cause death or serious injury.

4. <u>General Principles</u>.

  A. Confrontation shall be deferred when such physical force is likely to result in escalation of the incident.
  B. Whenever possible, control and compliance shall be achieved by verbal intervention, defusing tension, warning, reprimand, direct order, disciplinary action. Physical force shall normally be the course of last resort.
  C. Physical force shall only be used to the degree and duration necessary to achieve its authorized objective.
  D. Physical force shall not be used for the harassment or punishment of any person.
  E. Use of physical force may be carried out by personnel in hazardous duty classifications. Use of physical force by other personnel shall be used in accordance with Section 16 of this Directive.
  F. An employee issued an armory item shall be authorized to use the item subject to the chain of command and in accordance with this Directive.
  G. Prior to the use of deadly physical force a verbal warning shall be used to the extent feasible.
  H. This Directive shall be subject to the provisions of related Administrative Directives (e.g., 2.7, Training and Staff Development; 6.4, Transportation and Community Supervision of Inmates; 6.6, Reporting of Incidents; 7.2, Armories; 7.4, Emergency Response Units; and 9.4, Restrictive Housing).

5. <u>Use of Non-Deadly Physical Force</u>.

  A. <u>Protection of Persons</u>. Non-deadly physical force may be used to protect a person from an immediate physical threat.
  B. <u>Prevention of Escapes</u>. Non-deadly physical force may be used to prevent an inmate from escaping from custody.
  C. <u>Prevention of Property Damage</u>. Non-deadly physical force may be used to prevent destruction of property.
  D. <u>Maintaining Order and Discipline</u>. Non-deadly physical force may be used to enforce an order only when failure to comply with the order jeopardizes the safety of an individual or seriously threatens the security and control of the area. Such force shall be authorized and observed by a supervisor whenever possible.

6. <u>Use of Deadly Physical Force</u>. Deadly physical force shall be authorized for use only in accordance with this Section.

  A. <u>Protection of Persons</u>. Deadly physical force may be used to defend any person from the use or imminent use of deadly physical force.
  B. <u>Prevention of Escapes</u>. Deadly physical force may be used to prevent the escape from custody of an inmate when: (1) an employee ~~reasonably believes the inmate has committed or attempted to~~ commit a felony which involves the infliction or threatened

41

infliction of serious physical injury upon another person; and (2) if, where feasible, the employee has given warning of intent to use deadly physical force.

7. Chemical Agents.

   A. Category I Chemical Agents. A properly trained and currently certified custody supervisor, designated Community Services staff member, designated Security Division staff member and Central Transportation staff member may be authorized to routinely carry and use as appropriate a Category I chemical agent. Oleoresin Capsicum (OC) shall be authorized for use as appropriate during transportation in accordance with this Directive. A custody supervisor may authorize the issuance and use as appropriate of Category I chemical agents to trained and certified staff in accordance with this Directive. Upon the direction of a supervisor, a tactical operations team member shall be authorized to carry and use Category I chemical agents in accordance with this Directive.

   B. Category II Chemical Agents. Specially trained and designated staff may use Category II chemical agents on the authorization of the highest ranking onsite facility supervisor and subject to the direct supervision of a custody supervisor in accordance with this Directive.

   C. Decision Factors. The decision to utilize chemical agents should consider among other factors: (1) immediate danger posed by the inmate (e.g., active aggression, presence of weapons, known history of assaultive behavior); (2) potential injury to staff and/or inmate; (3) area where agent shall be employed; (4) potential exposure or impact on uninvolved persons; or (5) presence of known physical conditions which may contraindicate use, (e.g., heart or respiratory condition).

   D. Decontamination. Decontamination of any exposed person and the contaminated area shall be accomplished immediately upon restoration of control. Protective equipment shall be utilized. Personal decontamination shall include at a minimum: (1) flushing of the eyes; (2) a shower and change of clothing; (3) medical attention; and (4) removal of the person from the effected area if possible.

8. Restraints.

   A. Authorized Use. Restraints as a use of physical force may be authorized: (1) to prevent escape; (2) to prevent injury to others or self; (3) to prevent property damage; and (4) to ensure compliance with an order. An inmate placed in restraints for a period longer than one (1) hour shall be placed on restrictive status in accordance with Administrative Directive 9.4, Restrictive Housing. Use of restraints in accordance with Administrative Directives 6.4, Transportation and Community Supervision of Inmates, 9.4, Restrictive Housing, or for routine movement shall not be considered a use of physical force under this Directive.

42

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 6.5 | August 3, 1998 | 4 | 6 |

| TITLE |
|---|
| Use of Force |

    B.    **In-Cell Restraints.** Use of in-cell restraints shall be in accordance with Administrative Directive 9.4, Restrictive Housing.

    C.    **Full Stationary Restraints.** Use of full stationary restraints for any purpose other than medical shall be in accordance with this Directive. Placement of an inmate in full stationary restraints on a restrictive housing status shall be authorized by the shift supervisor with the notification of the Unit Administrator within one (1) hour of placement. The Shift Supervisor shall review for release from restraints every two (2) hours. Staff shall observe the inmate, at a minimum, of every 15 minutes or continuously if medically required. Medical observation shall be every two (2) hours and shall include the temporary relaxing of restraints if medically indicated to ensure proper circulation. The facility administrator shall review the inmate's status every eight (8) hours and shall notify the appropriate Complex Warden if the restraint status continues beyond 24 hours.

An inmate shall be left in appropriate clothing and shall not be left unclothed. Adequate accommodations shall be made to relieve an inmate of necessary bodily functions.

Normally, four (4) point restraints shall be soft, wide and flexible. However, in the event that an inmate compromises the soft restraints, metal mechanical restrains may be used. The use of metal restraints for full stationary restraint shall be with the permission of the Unit Administrator, and shall require a supplemental incident report, in accordance with Administrative Directive 6.6, Reporting of Incidents.

Any devise used for full stationary restraint of an inmate shall require prior written authorization from the Commissioner or designee.

    D.    **Restricted Use.** Body bags, wet sheet packs and straight jackets shall not be allowed for use as a use of physical force.

9.    **Firearms.** Use of firearms with lethal ammunition may be used as authorized in accordance with Section 6. Use of firearms with non-lethal ammunition may be used in accordance with Sections 5(A), (B) and (C). Warning shots shall not be authorized. A round may be fired into the ground within the boundary of a correctional facility for effect to terminate potentially lethal inmate action. A firearm shall not be used if discharging it could reasonably be expected to endanger the life of any innocent bystander.

10.    **Baton.** A PR-24 or strait baton may only be used by a current, trained tactical operations team member as directed by the Director of Security and shall be in accordance with Sections 5 and 6.

11.    **Shield.** A shield may be authorized by a shift supervisor in accordance with Section 5.

43

12. **Medical Examination.** Medical evaluation and treatment shall be provided as soon as possible after the use of physical force and as appropriate.

13. **Video Recording.** A planned use of physical force within an institution shall be video taped by a trained operator. The camera operator shall state identity of the operator, date, time and location of the recording. The camera shall be continuously operated and focus on the central point of action avoiding any obstruction of view. Any break in the video recording of the incident shall require reintroduction of the recorder, date, time, location, and reason for and duration of the break in recording. Any movement within the facility of the inmate in conjunction with and directly related to the use of force incident shall also be video taped.

    The videotape shall be properly labeled to include the institution, location, date, time, subject to the tape, and identity of the operator. The original tape shall be properly secured and maintained for a minimum of two years. The original tape shall be considered physical evidence in accordance with Administrative Directive 6.9, Control of Contraband and Physical Evidence. Any movement or relocation of the original tape shall be authorized by the Unit Administrator. The original tape shall be numbered as #1 and copies shall be sequentially numbered. All tapes shall be properly accounted for.

14. **Reporting and Record Keeping.** Whenever physical force is used a Use of Force Report CN 6501, Attachment A, shall be completed by each employee involved in or observing the use of force incident. This requirement shall not apply to the routine use of restraints which is not considered a use of physical force. In addition to a Use of Force Report CN 6501, a Use of Chemical Agents Report CN 6502, Attachment B, shall be completed for any circumstance where chemical agents is deployed. These reports shall be attached to the Incident Report and submitted as required in Administrative Directive 6.6, Reporting of Incidents.

15. **Serious Incident Review.** A Serious Incident Review shall be used to assess the appropriateness of a use of physical force in an incident.

    A. **Circumstances.** A Serious Incident Review shall be conducted whenever: (1) a firearm is discharged; (2) Category II chemical agents are used; and/or (3) a firearm is drawn in a community setting.
    B. **Review Committee.** A Serious Incident Review Committee shall be appointed within five (5) business days of the incident by the appropriate Deputy Commissioner/designee whose unit was involved in the incident. The committee shall consist of three (3) persons of managerial rank. The Chair shall be of the rank of Captain, Correctional Counselor Supervisor or above. No member of the review committee shall be from the unit where the incident took place.
    C. **Committee Activities and Report.** The committee shall review and analyze all reports, examine any physical evidence and may interview any witnesses or participants. The committee shall issue a report describing: (1) whether the action taken was

consistent with Department directives; (2) whether other, less severe means of physical force were available to resolve or prevent the incident; (3) what action should be taken to avoid such future incidents; and (4) any recommended changes in Department or unit directives. The committee's final report shall be prepared within 30 days of the incident.

D. Report Review. The report shall be submitted to the Unit Administrator for review. Within 10 business days of receiving the report the Unit Administrator shall forward the report with comments and recommendations to the appropriate Deputy Commissioner through the chain of command. Within five (5) business days the Deputy Commissioner shall forward the report and supporting documentation with comments and action taken to the Commissioner. Upon final disposition the report shall be maintained by the Commissioner/designee.

16. Emergency Circumstances. Nothing in this Directive shall prevent the highest ranking custody supervisor from taking immediate, reasonable action when circumstances require. Nothing in this Directive shall prevent an employee from taking immediate, reasonable action to protect self or others.

17. Exceptions. Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

45

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:01CV2166 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JUNE 22, 2004 |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S 1ST REQUEST FOR ADMISSIONS SERVED ON DEFENDANT JOHN ARMSTRONG

1. Admitted.

2. Admitted.

3. It is admitted that when a DOC Administrative Directive is revised, it supersedes the prior version of the Directive.

DEFENDANTS,
John Armstrong, Kevin Degray, Larry Myers,
and Reginald McAllister

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd day of ~~June~~ July, 2004:

Duane Ziemba # 128963
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

_____
Matthew B. Beizer
Assistant Attorney General

2

47

# EXHIBIT B

48

Matthew B. Beizer     <u>July 9, 2004</u>
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

<u>Re: Ziemba v. Armstrong, No. 3:01 cv 2166 (JCH) (HBF)</u>
    <u>Attempted Informal Discovery Resolution</u>

Dear Attorney's Beizer and Parille

    In good faith I am attempting to informally resolve this discovery matter. With respect to the 1st Request For Admissions Served On Defendant Armstrong dated December 2, 2003 and responses thereto dated June 22, 2004.

    Please See the Request For Admission at number 3., which States: "Admit to the fact that on March 5, 2003 you revised Directive 6.5 Use Of Force and that this revised March 5, 2003 Directive 6.5 Supersedes the attached August 3, 1998 Directive 6.5 Use Of Force".     Defendant Armstrong responded Stating: "It is admitted that when a DOC Administrative Directive is revised, it

#49

Supersedes the prior Version of the Directive". Pursuant to Rule 37(a)(3) Fed.R.Civ.P., this response Constitutes an evasive/incomplete disclosure, answer and response and is treated as a failure to disclose, answer and respond. Because this Request For Admission is very Specific with respect to Directive 6.5 Use of Force and the revised Directive 6.5 Use of Force. Defendant Armstrong's response that whenever "a DOC Administrative Directive is revised, it Supersedes the prior version of the Directive" -- it is a blatant and overt evasive response and answer.

Please immediately have defendant Armstrong re-file a response to this Request For Admission which complies with Fed.R.Civ.P.

Sincerely, Duane Ziemba
Duane Ziemba    # 128963
Northern C.I.
P.O. Box 665
Somers, CT. ~~0610~~ 06071

#50    #2