# United States District Court
## District Of Connecticut

United States District Court
District of Connecticut
FILED AT          BRIDGEPORT
8/6/04          20
By:          Deputy Clerk

| | |
|---|---|
| Duane Ziemba | Civil Action No. 3:01 cv 2166 (JCH)(HBF) |
| vs. | |
| John Armstrong, et.al. | August 3, 2004 |

## Motion To Compel Discovery

Pursuant to Rule 34(b) and 37(a) Fed. R. Civ. P., the plaintiff hereby moves this honorable Court for an order compelling defendant DeGray to file responses admitting or denying each matter in the Request For Admissions Served on him dated November 25, 2003.

## I. Facts:

The plaintiff Served a Request For Admissions on defendant DeGray dated November 25, 2003 which has attached thereto 14 Medical/Custody Incident Reports pertaining to plaintiff being physically tortured in four-point restraints for more than 25 consecutive hours. The

57

defendant DeGray was asked to: "Admit to the genuineness of each 14 documents", but he failed and refused to do so, Exhibit A. The plaintiff sent counsel a letter dated July 9, 2004 Exhibit B., attempting to informally resolve matter. Counsel refused to respond!

II. Legal Argument:

The 14 documents which are attached to the said Request For Admissions, are indeed the 14 Medical/Custody Incident Reports directly pertaining to the Use of force (four point restraints) Ordered by defendant DeGray. Therefore these 14 documents are in this defendants possession, custody and control. And this defendant can admit or deny to the genuineness of each document.

Wherefore, it should be ordered that defendant DeGray admit or denys the genuineness of each document.

Respectfully Submitted

Duane Ziemba

Duane Ziemba # 128963
Northern C.I. Box 665
Somers, CT. 06071

#2

52

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of August 2004:

Matthew B. Beizer
Neil Parille
Assistant Attorney's General
Hartford, CT. 06105

By: _Duane Ziemba_
Duane Ziemba

# EXHIBIT A

54

Matthew B. Beizer                    November 25, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105


Ziemba V. Armstrong, et al. No. 3:01 CV 2166 (JCH)(HBF)
DEFENDANT'S RESPONSES TO
2nd Request For Admissions Served On
Defendant Kevin DeGray


   Pursuant to Rule 36, Fed.R.Civ.P., defendant DeGray
is directed to in writing under oath make the
following admissions, within 30 days.
            All responses see attached.
  1. Admit to the genuiness of the attached medical
incident report dated March 4, 1999 time 2:55 p.m.


  2. Admit to the genuiness of the attached medical
incident report dated March 4, 1999 time 5:15 p.m.


  3. Admit to the genuiness of the attached medical
incident report dated March 4, 1999 time 6:30 p.m.


  4. Admit to the genuiness of the attached medical
incident report dated March 4, 1999 time 8:35 p.m.


  5. Admit to the genuiness of the attached medical

55

incident report dated March 4, 1999 time 10:30 p.m.

6. Admit to the genuiness of the attached medical incident report dated March 4, 1999 time 11:40 p.m.

7. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 1:40 a.m.

8. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 3:40 a.m.

9. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 5:40 a.m.

10. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 7:50 a.m.

11. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 9:50 a.m.

12. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 11:50 a.m.

13. Admit to the genuiness of the attached medical incident report dated March 5, 1999 time 1:50 p.m.

14. Admit to the genuiness of the attached medical

56

incident report dated March 5, 1999 time 4:12 p.m,

Respectfully Submitted

Duane Ziemba

Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

57

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility Northern Correctional Institution | |
|---|---|
| Inmate Name Zieuba, Dwaine | Report Date 3/4/99 |
| Staff Name Lynian, Michael | Time 2⁵⁵ ☐ a.m. ☑ p.m. |
| Incident report submitted ☑ Yes ☐ No | I.D. no. 128963 |
| Treatment location: ZW 119 | Number 128963    Date 3/4/99 |

**Injury Description (must be completed if no other report):** I/M had 2~ 2 inch lacerations, one very superficial, on anterior portion across lower left wrist.

**Diagnosis:** ~

**Treatment administered:** Usual ~ ~ ~ tactile assessment of limbs after placement of 4-pt restraints on inmate

**Required follow up:** q 2 hours and PRN

**Placement after treatment** ZW 119

**Observations/remarks:** A+O x 3. Circulation good x4. Ample space between limbs and restraints: 2 finger breadths. Alcohol used on lacerations on wrist + 3 bandaids.

| Patient signature No pen available at this time | |
|---|---|
| Medical staff signature Michael Lynn RN | Date |
| Custody staff signature | Date 3/4/99 |
| | Date |

58

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI | | |
|---|---|---|---|
| Inmate Name | Jiemba, D | Report Date | 3-4-99 |
| Staff Name | | Time 5⁴⁵ ☐ a.m. ☒ p.m. | |
| Incident report submitted ☐ Yes ☐ No | | Number | I.D. no. 128653 |
| Treatment location: 2w119 | | | Date |

**Injury Description** (must be completed if no other report): ☐ of 4 pt. Restraint

**Diagnosis:**

**Treatment administered:** ☐ 4 pt. Restraint cannot previously reported laceration to ☐ wrist

**Required follow up:**

**Placement after treatment**

**Observations/remarks:** 4 pts in good previously reported covered laceration c new DSD

**Patient signature**

| Medical staff signature R Bernard RN | Date |
|---|---|
| Custody staff signature | Date 3-4-99 |
| | Date |

3

## Medical Incident Report
### Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility: Northern Correctional Institution | |
|---|---|
| Inmate Name Zvenka, D | Report Date March 4, 1999 |
| Staff Name Lyman, Michael | Time 6³⁰ ☐ a.m. ☑ p.m. |
| Incident report submitted ☑ Yes ☐ No | I.D. no. 128963 |
| Treatment location: 2W 119 | Number 128963 | Date 3/4/99 |

**Injury Description (must be completed if no other report):** No new medical issues/complaints presented at this time

**Diagnosis:** ——

**Treatment administered:** restraints    Visual and tactile assessment of limbs while in 4-pt

**Required follow up:** q 2 hours and PRN

**Placement after treatment** 2W 119

**Observations/remarks:** A+0×3. Circulation good ×4. Ample space = 2 finger breadths between limbs and restraints. Laceration on left wrist remains covered. No new medical issues/complaints presented at this time.

| Patient signature No pen available at this time | |
|---|---|
| Medical staff signature Michael Lyman RN | Date |
| Custody staff signature | Date 3/4/99 |
| | Date |

60
a

## Medical Incident Report
### Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI | | |
|---|---|---|---|
| Inmate Name | ZIEMBA, D | Report Date | 3-4-99 |
| Staff Name | | Time 835 ☐ a.m. ☒ p.m. | |

| Incident report submitted ☐ Yes ☐ No | | I.D. no. | |
|---|---|---|---|
| Treatment location: 2W | Number | | Date |

**Injury Description (must be completed if no other report):** ① of 4pt Restraints

**Diagnosis:**

**Treatment administered:** ① of 4pt Restraints

**Required follow up:** ① of restraints in 2 hours

**Placement after treatment**

**Observations/remarks:** Restraints in good Order

**Patient signature**

| Medical staff signature | [signature] RN | Date | |
|---|---|---|---|
| Custody staff signature | | Date | 3-4-99 |
| | | Date | |

61

5

## Medical Incident Report
### Connecticut Department of Correction

Medical Incident Report
Connecticut Department of Correction
CN6601
Rev 4-12-93

| Facility Northern Correctional Institution | | | |
|---|---|---|---|
| Inmate Name Zienba, Duane | Report Date March 4, 1999 | | |
| Staff Name Lyman, Michael | Time 10³⁰ ☐ a.m. ☑ p.m. | | |
| Incident report submitted ☑ Yes ☐ No | I.D. no. 12 8863 | | |
| | Number 128863 | Date 3/4/99 | |
| Treatment location: 2W 119 | | | |

**Injury Description (must be completed if no other report):** No medical issues at this time

**Diagnosis:** C

**Treatment administered:** 4-pt restraints  Visual and tactile assessment of limbs of I/M while in

**Required follow up:** q. 2 hours and PRN

**Placement after treatment** 2 W 119

**Observations/remarks:** A+O x3  Circulation good x4. Ample space between limbs and restraints ≈ 2 finger breadths.  Laceration on L wrist covered by restraint at this time.  No other open areas noted.

| Patient signature No pen available at this time | |
|---|---|
| Medical staff signature Michael Lyman RN | Date |
| Custody staff signature | Date 3/4/99 |
| | Date |

62

4

6

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI | | |
|---|---|---|---|
| Inmate Name | Ziemba, Duane | Report Date | 3/4/98 |
| Staff Name | N/A | Time 1140 ☐ a.m. ☒ p.m. | |
| Incident report submitted ☐ Yes ☐ No | Number | I.D. no. | 128963 |
| Treatment location: | 2W 119 | Date | |

**Injury Description (must be completed if no other report):**

4PT Soft Restraint ✓

**Diagnosis:**

4PT Soft Restraint ✓

**Treatment administered:**

Tactile assessment of all extremities
Bandaid / Antiseptic wash

**Required follow up:**

Q 2 or PRN

**Placement after treatment**  2W119

**Observations/remarks:**  A+O x3, prone on bunk PR 16 ⊕ cms ⊕ pulses
all extremities. Skin w/D 3 finger breadth between skin/restraint,
no c/o offered. ⊕ dorsal wrist note c superficial scratch x 5 cm
and ⊕ anterior wrist c 2.5 cm circular superficial abrasion. Tx'd as stated above

| Patient signature | no pen | | |
|---|---|---|---|
| Medical staff signature | MX [illegible] RX | Date | 3/4/99 |
| Custody staff signature | | Date | 3/4/99 |
| | | Date | |

1

## Medical Incident Report
### Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI | | |
| --- | --- | --- | --- |
| Inmate Name | Ziemba, Duane | Report Date | 3/5/99 |
| Staff Name | N/A | Time 1.40 ☒ a.m. ☐ p.m. | |

| Incident report submitted ☐ Yes ☐ No | Number | I.D. no. 128963 | Date |
| --- | --- | --- | --- |

Treatment location: 2W119

**Injury Description (must be completed if no other report):**

4 PT Soft Restraint ✓

**Diagnosis:**

4 PT Soft Restraint ✓

**Treatment administered:** tactile assessment of all extremities

**Required follow up:** Q 2° & PRN

**Placement after treatment** 2W119

**Observations/remarks:**

| Patient signature | No Pen | Date | 3/5/69 |
| --- | --- | --- | --- |
| Medical staff signature | M Heelth | Date | 3/5/99 |
| Custody staff signature | | Date | |

64

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | _NCI_ | Report Date | _3/5/99_ |
|---|---|---|---|
| Inmate Name | _Ziemba, Duane_ | Time _340_ ☒ a.m. ☐ p.m. | |
| Staff Name | _N/A_ | I.D. no. | _128963_ |

| Incident report submitted | ☐ Yes ☐ No | Number | Date |
|---|---|---|---|

**Treatment location:** _1W119_

**Injury Description (must be completed if no other report):**
_4 PT Soft Restraint ✓_

**Diagnosis:**
_4 PT Soft Restraint ✓_

**Treatment administered:** _tactile assessment o/all extremities – s/m released to use toilet – Restraint re-administered_

**Required follow up:** _q2° & PRN_

**Placement after treatment** _1W119_

**Observations/remarks:** _Pleut, prone on bunk @ CMS Dpuelsy Skin w/D – dog's remain intact 3 finger breadth between Skin/restraints & c/o & problems noted_

| Patient signature | _no Ren_ | Date | _3/5/99_ |
|---|---|---|---|
| Medical staff signature | | Date | _3/5/99_ |
| Custody staff signature | | Date | |

65
9

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCC | | |
|---|---|---|---|
| Inmate Name | Ziemba, Duane | Report Date | 3/5/99 |
| Staff Name | NH | Time 5-40 ☑ a.m. ☐ p.m. | |
| Incident report submitted ☐ Yes ☐ No | | Number | I.D. no. 128963 |
| Treatment location: 1W119 | | | Date |

**Injury Description (must be completed if no other report):**

4 PT Soft Restraint ✓

**Diagnosis:**

4 PT Soft Restraint ✓

**Treatment administered:**

Tactile Assessment of all Extremities

**Required follow up:**

Q 2° & PRN

**Placement after treatment** 1W119

**Observations/remarks:** Resting on bunk - "I was asleep" ① CMS ② pulses
3 finger breadth between man & Restraint - RR 16 Stim
remains W/D - dog in contact ⊕ c/o ⊕ problems

| Patient signature | No Pen | | |
|---|---|---|---|
| Medical staff signature | R. Heer | Date | 3/5/99 |
| Custody staff signature | | Date | 3/5/99 |
| | | Date | |

66

10

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | NCI |
|---|---|

| Inmate Name | ZIEMBA |
|---|---|

Report Date 3/5/99
Time 7³⁰ ☒ a.m. ☐ p.m.

| Staff Name | | I.D. no. 128963 |
|---|---|---|

| Incident report submitted | ☐ Yes ☐ No | Number | Date |
|---|---|---|---|

Treatment location: 2W 119

Injury Description (must be completed if no other report): 4 point restraint check.

Diagnosis: 4 point restraint check

Treatment administered: TACTILE Assessment of extremities

Required follow up: q2° + prn

Placement after treatment: 2W 119

Observations/remarks: A+O, 2 finger breaths between skin + restraints ⊕ C.M.S.
⊕ pulses. Dsg. INTACT, I/m C/o Lower Back pain + Lower leg numbness.
Skin w+D, able to move toes, flex ankle. will continue to monitor. I/m remove
⊕ arm to eat, I/m √ at 7:30, placed back in restraints at 7⁵⁰ AM

| Patient signature | Unable to sign | Date | 3/5/99 |
|---|---|---|---|
| Medical staff signature | Barbara Hess | Date | 3/5/99 |
| Custody staff signature | | Date | |

1

67

11

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| | |
|---|---|
| **Facility** NCJ | **Report Date** 3/5/99 |
| **Inmate Name** ZiemBA | **Time** 9⁵⁰  ☒ a.m.  ☐ p.m. |
| **Staff Name** 128963 | **I.D. no.** |

| **Incident report submitted** ☐ Yes ☐ No | **Number** | **Date** |
|---|---|---|
| **Treatment location:** 2W 119 | | |

**Injury Description (must be completed if no other report):** 4 point restraint check

**Diagnosis:** 4 point restraint check

**Treatment administered:** tactile assesment of extremtie

**Required follow up:** q 2° + PRN

**Placement after treatment** 2W 119

**Observations/remarks:** A+O, 2 finger Breaths Between skin + restraints, ⊕ c.m.s ⊕ pulses skin w+D. I/m C/o Lower Back pain, Neck pain Legnumbngs, ⊕ movent in feet + toes, able to Lift + Lower Neck s Difficuty.

| | | | |
|---|---|---|---|
| **Patient signature** | unable to sisn | **Date** | 3/5/99 |
| **Medical staff signature** | Barbu C Such pu | **Date** | 3/5/99 |
| **Custody staff signature** | | **Date** | |

*1*

68

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| | |
|---|---|
| Facility __NCI__ | Report Date __3/5/99__ |
| Inmate Name __Ziemba__ | Time __11:30__ ☒ a.m. ☐ p.m. |
| Staff Name | I.D. no. __128563__ |

| Incident report submitted ☐ Yes ☐ No | Number | Date |
|---|---|---|

**Treatment location:** 2W119

**Injury Description (must be completed if no other report):** 4 point restraint ✓

**Diagnosis:** 4 point restraint ✓

**Treatment administered:** Tactile Assessment of extremities

**Required follow up:** q20 + PRN

**Placement after treatment** 2W119

**Observations/remarks:** A+O, 2 finger Breath Between skin + restraint
① C.M.S. ① pulses. skin w+D. I/m c̄ c/o Low Back pain, neck pain
Reg numbness. moving head + neck c̄ Difficulty. Able to move toes + feet
c̄ Difficulty

| | | |
|---|---|---|
| Patient signature | Unable to sign | Date 3/5/99 |
| Medical staff signature | Barbi C. ___ | Date 3/5/99 |
| Custody staff signature | | Date |

69
18

13

# Medical Incident Report
## Connecticut Department of Correction

CN6602
**Rev. 4-12-93**

| Facility | NCI | Report Date | 3/5/99 |
|---|---|---|---|
| Inmate Name | Ziembi | Time 1⁵⁰ ☐ a.m. ☒ p.m. | |
| Staff Name | | I.D. no. 128963 | |

| Incident report submitted ☐ Yes ☐ No | Number | Date |
|---|---|---|

**Treatment location:** 2w 119

**Injury Description (must be completed if no other report):** 4 point restraint ✓

**Diagnosis:** 4 point restraint ✓

**Treatment administered:** None

**Required follow up:** q2° + PRN

**Placement after treatment** 2w 119

**Observations/remarks:** I/m Hostile towards staff verbal Abusive unable to assess I/m at this time.

| Patient signature | Unable to sign | Date | 3/5/99 |
|---|---|---|---|
| Medical staff signature | Barbra C. Steen RN | Date | 3/5/99 |
| Custody staff signature | | Date | |

70

1

## Medical Incident Report
### Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | Northern Correctional Institution | Report Date | March 5, 1999 |
|---|---|---|---|

| Inmate Name | Ziemba, Duane | Time | 4¹² ☐ a.m. ☑ p.m. |
|---|---|---|---|

| Staff Name | Lyman, Michael | I.D. no. | 128963 |
|---|---|---|---|

| Incident report submitted ☑ Yes ☐ No | Number 128963 | Date 3/5/99 |
|---|---|---|

Treatment location: ZW 119

**Injury Description** (must be completed if no other report): No new injuries reported at this time

**Diagnosis:** 6

**Treatment administered:** Visual and tactile assessment of limbs following the removal of 4-pt restraints.

**Required follow up:** None

**Placement after treatment** ZW 119

**Observations/remarks:** A+O x3. Inmate given 3 bandaids and 1 alcohol prep for lacerations on left wrist, some redness on wrists. Two small abrasions, 1 on each wrist located on underside of wrist area, neither is open or bleeding at this time. No medical issues at this time.

| Patient signature | No pen available at this time | Date | |
|---|---|---|---|
| Medical staff signature | Michael Lyman RN | Date | March 5, 1999 |
| Custody staff signature | | Date | |

1

71

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DUANE ZIEMBA

v.

JOHN ARMSTRONG, ET AL.

:

:

:

PRISONER
CIVIL NO. 3:01CV2166 (JCH)(HBF)


JUNE 22, 2004

## DEFENDANT'S RESPONSES TO PLAINTIFF'S 2ND REQUEST
## FOR ADMISSIONS SERVED ON DEFENDANT KEVIN DEGRAY

1.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

2.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

3.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

4.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

5.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

72

6.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

7.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

8.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

9.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

10.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

11.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

12.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the "genuineness" of said document.

73

13.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

14.    Defendant Degray is not a medical provider and did not generate or participate in the preparation of the referenced report.  Accordingly, he is unable to admit or deny the "genuineness" of said document.

DEFENDANTS,
John Armstrong, Kevin Degray, Larry Myers,
and Reginald McAllister

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2ⁿᵈ day of ~~June~~ July, 2004:

Duane Ziemba  # 128963
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____
Matthew B. Beizer
Assistant Attorney General

3

74

# EXHIBIT B

75

Matthew B. Beizer                  July 9, 2004
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

Re: Ziemba V. Armstrong, No. 3:01 cv 2166 (JCH)(HBF)
       Attempted Informal Discovery Resolution

Dear Attorney's Beizer and Parille

       In good faith I am attempting to informally
resolve the following discovery matter. With
respect to the 2nd Request For Admissions
Served On Defendant DeGray dated November
25, 2003 and responses thereto dated June 22,
2004 :

       In each Request For Admission at 1 through
14 it is requested for defendant DeGray to
admit to the genuineness of attached
Specific medical incident reports.
Defendant DeGray provided the same intentional
evasive response for each request for
admission as following: "Defendant DeGray is
not a medical provider and did not generate

76

or participate in the preparation of the referenced report. Accordingly, he is unable to admit or deny the genuineness of said document".

Pursuant to Rule 37, Fed. R. Civ. P., these 14 responses constitute an evasive response and answer and are treated as a failure to respond. Because each one of these documents is a Medical/Custody Incident Report. See each one of these documents where both Medical Staff and Custody Staff sign there Signature. And in fact defendant DeGray should have but failed to sign these said documents. These documents directly involve the subject matter of the claims against defendant DeGray. And Fed. R. Civ. P., mandates he admits or denys to the genuineness of these documents.

Please have this defendant comply with the Fed. R. Civ. P.

Sincerely, Duane Ziemba
Duane Ziemba    # 128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

77                    # 2