United States District Court
District Of Connecticut

Duane Ziemba

Vs.

John Armstrong, et al.

Civil Action No:
3:01 cv 2166 (JCH)(HBF)

August 3, 2004

## Motion To Compel Discovery

Pursuant to Rule 34(b) and 37(a) Fed.R.Civ.P., the plaintiff hereby moves this honorable Court for an order compelling defendant DeGray to file non-evasive responses to the Request For Admissions served on him dated December 2, 2003.

## I. Facts:

The plaintiff served Request For Admissions on defendant DeGray dated December 2, 2003 Exhibit A. Defendant DeGray filed responses thereto dated June 22, 2004 also Exhibit A. This defendant failed to admit or deny each separate matter set forth. Therefore plaintiff sent counsel a letter dated July 9, 2004 Exhibit B., attempting to informally resolve the

78

matter. Counsel has refused to respond.

II. Legal Argument:

Please See Request For Admission No. 1., Which States: "Admit to the fact of prior to the March 4 and 5, 1999 restraint of the plaintiff described in this lawsuit, that there was one or more deaths of inmates in Full Stationary Restraints in the Connecticut Department Of Correction".

Defendant DeGray filed an Objection Claiming: "Request is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence".
This request is very clear and specific and not vague or ambiguous. Furthermore it is highly relevant to the subject matter of this case. Because several inmates were killed in four-point restraints, prior to the restraint of plaintiff herein. Which caused the violations herein, due to the supervisory officials failed to remedy the wrong, inter alia.
Therefore, this Court should order defendant DeGray to admit or deny this matter.

Please See Request For Admissions at No. 2 through 11., which specifically and separately set forth different matter(s). Despite this fact, defendant DeGray has totally failed to admit or deny each matter.

Therefore, this Court should order him to file a response to each request which shall admit or deny each separate matter.

Please See Request For Admission at No. 12. which states: "Admit to the fact of prior to the full stationary restraint of the plaintiff on March 4 and 5, 1999 one or more inmates died in full stationary restraints in the CT. D.O.C." Defendant DeGray filed an evasive objection claiming this request "is vague and ambiguous". Clearly this request is not vague or ambiguous, and is highly relevant to the subject matter of this case — — as described in foregoing. Therefore, this Court should order defendant DeGray to admit or deny this matter.

Wherefore, this honorable Court should issue an order reflecting the foregoing.

80                                    #3

Respectfully Submitted

Duane Ziemba

Duane Ziemba # 128963

Northern C.I.

P.O. Box 665

Somers, CT. 06071


Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of August 2004

Matthew B. Beizer

Neil Parille

Assistant Attorney's General

110 Sherman Street

Hartford, CT. 06105

By: Duane Ziemba

Duane Ziemba

# EXHIBIT A

82

Matthew B. Beizer                    December 2, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105


Ziemba V. Armstrong, et al. No. 3:01 cv 2166 (JCH)(HBF)

DEFENDANT'S RESPONSES TO

3rd Request For Admissions Served
On Defendant Kevin DeGray


Pursuant to Rule 36 Fed. R. Civ. P., defendant
DeGray is directed to in writing under oath
make the following admissions, within 30 days.

All responses see attached.

1. Admit to the fact of prior to the March 4
and 5, 1999 restraint of the plaintiff described
in this lawsuit, that there was one or more
deaths of inmates in Full Stationary Restraints
in the Connecticut Department of Correction.


2. Admit to the fact that on March 4 and 5, 1999
there was not any form of written policy or
Directive Which Stated that an inmate Who
is placed in Full Stationary Restraints Should
be provided With a mattress.


3. Admit to the fact that on March 4 and 5, 1999

83

there <u>was not</u> any form of written policy or Directive which stated that an inmate in Full Stationary Restraints should be provided with liquids.

4. Admit to the fact that on March 4 and 5, 1999 there <u>was not</u> any form of written policy or Directive which stated that an inmate in Full Stationary Restraints should be provided with food and/or feeding.

5. Admit to the fact that the Administrative Directive 6.5 Use of Force in effect on March 4 and 5, 1999 <u>did not</u> state the following: A custody supervisor and a health services staff member shall confer and gather pertinent information about the inmate and the immediate situation prior to the use of force, whenever possible.

6. Admit to the fact that the Administrative Directive 6.5 Use of Force in effect on March 4 and 5, 1999 <u>did not</u> state the following: Each person involved in a use of force shall be attentive to and conscious of change in inmate behavior or demeanor that might indicate physical distress or any other physical

84

#2

Side effect related to the Use of force.

7. Admit to the fact that Administrative Directive 6.5 Use Of Force in effect on March 4 and 5, 1999 <u>did not</u> State the following: A Supervisor Shall direct the actions of responding Staff and continually assess the well-being of both Staff and inmates.

8. Admit to the fact that Administrative Directive 6.5 Use of Force in effect On March 4 and 5, 1999 <u>did not</u> State the following: 4. Procedure. This process Shall be Video recorded in accordance With Section 16 of this Directive. A Video recording Shall be designated to each inmate While On full Stationary restraint Status and the Video recording Shall be Utilized at least during placement, each (2) hour check, during any notable change in behavior and removal of restraints.

9. Admit to the fact that Administrative Directive 6.5 Use of Force in effect on March 4 and 9, 1999 <u>did not</u> State the following: C. Full Stationary Restraints. This procedure Shall be implemented in collaboration With medical Staff. The inmate

#3

Shall be placed on a mattress that is positioned on top of a bed frame and the inmate shall be positioned face up. Arms and legs shall be restrained such that discomfort to the inmate is minimized.

10. Admit to the fact that Administrative Directive 6.5 Use of Force which was in effect on March 4 and 5, 1999 <u>does not</u> state the following: C. Full Stationary Restraints. A post incident medical evaluation shall be conducted upon placement and at the indicated intervals: (a) Circulation— every 15 minutes; (b) respiration— every 15 minutes; (c) pulse— every 30 minutes; (d) blood pressure— every 60 minutes; and (e) temperature— every 120 minutes. These checks shall be executed and documented by Health Services staff in the inmate health record. A least every two (2) hours the restraints must be totally removed or serially removed and each limb of the inmate moved to full range of motion and assessed for trauma, blood circulation and/or diminished nerve sensation.

11. Admit to the fact that Administrative Directive in effect on March 4 and 5, 1999 <u>did not</u> state

8,6

#4

the following: C. Full Stationary Restraints. The inmate shall be offered and allowed to attend to bodily functions at a minimum, every two hours. Restrained inmates shall receive normally scheduled meals. Meals shall be bite-sized and served on paper plates, unless a physician has ordered alternate dietary arrangements. If feasible, the inmate may have one (1) arm released to use for feeding. Fluids shall be offered every (2) hours. Food and fluids intake/output and refusal shall be documented. Immediate removal of restraints shall be initiated where a decompensating physical condition of a restrained inmate contraindicates restraints. In such circumstances, the physician shall be notified immediately.

12. Admit to the fact of prior to the full stationary restraint of the plaintiff on March 4 and 5, 1999 one or more inmates died in full stationary restraints in the CT. D.O.C.

Respectfully Submitted

Duane Ziemba / Duane Ziemba #128963
Northern C.I. Box 665
Somers, CT. 06071

#5

87

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:01CV2166 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JUNE 22, 2004 |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S 3RD REQUEST FOR ADMISSIONS SERVED ON DEFENDANT KEVIN DEGRAY

1.    Objection. Request is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

3.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

4.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

5.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including

88

placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

6.  The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

7.  The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

8.  The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

9.  The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

10.  The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints. The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

11.    The defendant admits that DOC Administrative Directive 6.5 that was in effect in March, 1999 provided the formal written policy for utilizing force on an inmate, including placing an inmate in full stationary restraints.  The defendant admits the content of DOC Administrative Directive 6.5 that was in effect in March, 1999.

12.    Objection.  Request is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANTS,
John Armstrong, Kevin Degray, Larry Myers, and Reginald McAllister

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this _2nd_ day of ~~June~~ July, 2004:

Duane Ziemba  # 128963
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

_____
Matthew B. Beizer
Assistant Attorney General

90

3

# EXHIBIT B

91

Matthew B. Beizer                July 9, 2004
Neil Parille
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Re: Ziemba V. Armstrong, No. 3:01 cv 2166 (JCH)(HBF)
    Attempted Informal Discovery Resolution

Dear Attorney's Beizer and Parille

     In good faith I am informally attempting to
resolve the following discovery matter(s). With
respect to the 3rd Request For Admissions
Served On Defendant DeGray dated December
2, 2003 and responses thereto dated June 22,
2004.

     1. See number one (1) which States: "Admit to
the fact of prior to the March 4 and 5, 1999
restraint of the plaintiff described in this
lawsuit, that there was one or more deaths
of inmates in Full Stationary Restraints in
the Connecticut Department of Correction".
Defendant DeGray filed an Objection claiming:
"Request is vague and ambiguous and is not

reasonably calculated to lead to the discovery of admissible evidence'.
This is an evasive answer and response, and is treated as a failure to respond. Because this Request is very clear and not vague or ambiguous. Furthermore it is highly relevant to the subject matter of this case.

2. See Request For Admissions 2 through 11, which ask specific, completely different matters to be admitted or denied.
Despite this fact defendant DeGray filed the same evasive response to each Request For Admissions 2 through 11. And totally failed to admit or deny each matter.

3. See number 12. which States: "Admit to the fact of prior to the full stationary restraint of the plaintiff on March 4 and 5, 1999 one or more inmates died in full stationary restraints in the CT. D.O.C."
Defendant DeGray once again, filed an evasive response claiming this request is vague and ambiguous'.
This request is very clear and not vague or ambiguous, and is highly relevant to the

Subject matter of this case.

   Please immediately have defendant DeGray refile responses which comply with Fed.R.Civ.P.

                    Sincerely, Duane Ziemba
                    Duane Ziemba        #128963
                    Northern C.I.
                    P.O. Box 665
                    Somers, CT. 06071

#3