UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUANE ZIEMBA : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-01-cv-2166 (JCH) |
| : | |
| JOHN ARMSTRONG, ET AL : | SEPTEMBER 10, 2004 |
|     Defendants : | |

**RULING RE: VARIOUS PENDING DISCOVERY MOTIONS**

    Motion to Compel [Dkt. No. 94]: The Motion is granted as to Interrogatories 1 and 2. Defendant Armstrong shall answer for the time period from 1994 through the time of the incident at issue in this lawsuit.

    Motion to Compel [Dkt. No. 95]: The Motion is granted as to Requests to Admit Nos. 1 through 8. Defendant Armstrong is ordered to file responses that fairly meet the substance of the Request to Admit. The responses as filed do not do so. For example, one cannot tell if the referenced "contents" contain or do not contain the language quoted in the Request to Admit. Defendant Armstrong is further ordered to answer Requests to Admit Nos. 9 through 12. In particular, the court overrules the objection to Request No. 11. The court does not find the Request vague and ambiguous, or unlikely to lead to discoverable evidence.

    Motion to Compel [Dkt. No. 96]: The Motion is granted. Defendant Armstrong is ordered to provide a response, which complies with the Rules, to Request to Admit No. 3. The response dated June 22, 2004 to Request No. 3 does not address the first portion of the Request to Admit ("you revised"), and the response does not fairly meet the substance of the second part of the sentence in that it generally answers that when

a directive is revised, it supersedes the prior version, without admitting that the particular directive replaced another particularly identified directive.

Motion to Compel [Dkt. No. 97]: The Motion is denied. The court understands plaintiff's memorandum to state that defendant DeGray ordered the use of four-point restraints and is the subject of this lawsuit. The documents which are the subject of the Request to Admit appear to be medical incident reports made during the time that the four-point restraints were being used. Defendant DeGray's statement in response to the Request to Admit that he is unable to admit or deny the genuineness of the document because he is not a medical provider and did not generate or participate in the preparation of the report is sufficient under the rules.

Motion to Compel Discovery [Dkt. No. 98]: The Motion is granted. Defendant DeGray is ordered to respond to the Request to Admit. Particularly, the court overrules the objections asserted by the defendant with respect to Request No. 1 because the court does not find the request vague or ambiguous, and it does find reasonably likely to lead to the discovery of admissible evidence. The court limits the time period to ten years prior to March 5, 1999. With respect to Requests to Admit Nos. 2 through 11, the court grants the Motion to Compel because the defendant's response, admitting to a particular directive and the fact that the defendant "admits the content" of a particular directive" does not admit anything with respect to what was not in the directive, which is what Requests to Admit 2 through 11 seek. Therefore, defendant DeGray is ordered to provide responsive answers to Requests to Admit 2 through 11. For the reasons stated above with respect to Request to Admit No. 1, the objection to Request to Admit No. 12

is overruled and the Motion to Compel is granted.

Motion to Compel [Dkt. No. 99]: The Motion is denied, without prejudice to renew in light of defendant's objection [Dkt. No. 101] which states that defendant McAllister has responded to the interrogatories which are the subject of this Motion. If any objections similar to those overruled or responses given similar to those discussed in the belated Motions to Compel have been asserted by defendant McAllister, he is ordered to respond to the interrogatories in compliance with these orders. Otherwise, the Motion to Compel is denied.

Motion to Compel [Dkt. No. 100]: The Motion is granted in part, denied in part. It is granted with respect to Request for Production of Documents dated November 25, 2003, Nos. 1 and 2. The fact that a party has "possession" of a document does not relieve an opposing party of producing it. The defendants are ordered to produce it unless they have previously produced a copy in response to discovery requests, in which case they may identify that specific production. With respect to Request for Production dated November 11, 2003, it is denied in part and granted in part. With respect to Request No. 1, the Motion to Compel is denied because the court, as the defendants, is unable to understand what the plaintiff requests. However, in order not to delay this already old case, the court orders the defendants to produce all video tapes or photographs, not previously produced, relevant to the plaintiff's allegations of events that occurred in March of 1999.

With respect to any responses, answers or production ordered in connection with these various pending Motions to Compel, the court orders the defendants to comply

with them by **September 24, 2004.**

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 10th day of September, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge