UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUANE ZIEMBA : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-01-cv-2166 (JCH) |
| : | |
| JOHN ARMSTRONG, ET AL : | JULY 8, 2005 |
|     Defendants : | |

## PRO SE PRETRIAL ORDER

**TRIAL MEMORANDUM**

The trial memoranda, required by the Standing Order Regarding Trial Memoranda in Civil Cases, will be filed on or before **DECEMBER 1, 2005.**

As plaintiff is an incarcerated pro se litigant, the court will require counsel for defendant(s) to draft a Trial Memorandum in accordance with the Standing Order Regarding Trial Memoranda in Civil Cases and the Court's Pretrial Order. The Trial Memorandum will be served on the plaintiff, who will have the options of (1) agreeing with the Trial Memorandum; (2) supplementing the Trial Memorandum; or (3) filing his own Trial Memorandum. The parties will observe the following schedule for the filing of the Trial Memorandum:

    a.    Defendant(s) will provide its Pretrial Memorandum to Plaintiff on or before **NOVEMBER 1, 2005.**

    b.    Plaintiff will adopt, supplement, or file his own Pretrial Memorandum on or before **DECEMBER 1, 2005.**

- 1 -

If the plaintiff fails to respond by **DECEMBER 1, 2005**, he will be deemed to have adopted the Pretrial Memorandum submitted by defendant(s).

**PRETRIAL STATEMENT TO OBTAIN WITNESSES**

In addition to the matters which the Standing Order requires the Trial Memorandum to address, the plaintiff will be required to make a particularized showing in a pretrial statement in order to obtain the attendance of witnesses. **The plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.

If the plaintiff wants to call witnesses to testify, he must follow certain procedures, described here, to make sure that the witnesses will be at the trial and available to testify.

    A.    **INCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY**

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot get to court unless the warden or other custodian is ordered to bring him. This court will not issue such an order unless it is satisfied that:

    1.    The prospective witness is willing to attend:

<u>and</u>

    2.    The prospective witness has actual knowledge of relevant facts.

<u>With the Trial Memorandum</u>, a pro se party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

    1.    State the name and address of each such witness:

<u>and</u>

    2.    Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1.    The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily; that is, without being subpoenaed and without receiving a witness fee. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

<u>    or  </u>

    2.    The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed and without receiving a witness fee.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1.  The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify;

<u>     or</u>

2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was and eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

**B. INCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY**

If a party wants incarcerated witnesses who refuse to testify voluntarily, the party

should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

    **C.    UNINCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY**

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

    **D.    UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY**

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, **not earlier than four weeks and not later than two weeks before trial**, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court). Also, the party seeking the witness' presence must offer to the witness, through the United States Marshal, the daily witness fee of $40.00 **plus the witness' travel expenses**.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness' fee of $40.00. Because no statute authorizes the use of public funds for these

expenses in civil cases, you must pay witness fees and travel expenses even if you were granted leave to proceed in forma pauperis.

**PRETRIAL CONFERENCE**

A final pretrial conference at which all pending motions will be considered will be held on **DECEMBER 12, 2005 at 10:00 a.m.**  (Plaintiff will attend the pretrial conference by telephone).

**TRIAL**

Jury selection is scheduled for **JANUARY 10, 2006 at 8:30 a.m.**  Trial will commence on **JANUARY 11, 2006 at 9:00 a.m.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 8th day of July, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge