<u>United States District Court</u>
<u>District of Connecticut</u>

2005 NOV 29 P 12: 17

| | |
|---|---|
| Duane Ziemba | Civil Action No. |
| | 3:01 cv 2166 (JCH)(HBF) |
| VS. | |
| John Armstrong, et al. | November 22, 2005 |

<u>Plaintiff's Pretrial Memorandum</u>

<u>Statement Of Facts</u>

1. On March 4 and 5, 1999 defendant DeGray for punitive reasons and in retaliation to physically and mentally torture the plaintiff, placed plaintiff in the four point restraints and left him in the restraints for more than 25 consecutive hours — an unreasonably long period of time to Knowing inflict torture, in retaliation for plaintiff filing lawsuits and grievances.

2. Defendant DeGray ordered that the plaintiff be placed in those restraints for punitive purposes and in retaliation and that he remained in the restraints for the excessive — an unreasonable period of time.

3. Defendant DeGray ordered and was personally responsible for plaintiff being placed into the restraints and remaining in the restraints, and plaintiff being denied proper medical care, deliberately denied use of the toilet, deliberately forced to urinate on himself, deliberately fed only once, deliberately denied liquids, deliberately denied adequate clothing and deliberately denied a mattress. Which resulted in the Unconstitutional conditions during the plaintiff's confinement in the restraints.

Statement Of Issues Of Law

4. The pro se plaintiff entreats the Court to issue the correct issues of law and to provide jury instructions accordingly. Plaintiff reserves the right to have his trial counsel issue a statement of the issues of law.

Witnesses

5. Plaintiff Duane Ziemba. Who agrees voluntarily to attend the jury trial and to give testimony. Duane Ziemba as a witness has actual knowledge of relevant facts due to he is the victim of the Unconstitutional acts described herein this

-2-

action. He will testify directly to the facts stated in the complaint of this action.

6. Defendant DeGray (Kevin).

7. The plaintiff reserves the right to have his trial counsel list and call any further relevant witnesses.

### Deposition Testimony To Be Offered

8. Deposition transcript of DOC Commissioner John J. Armstrong. Previously taken in previous brought action: Ziemba v. Armstrong, et al. No. 3:98 cv 2344 (JCH)(HBF).

9. Deposition transcript of DOC Warden Giovanny Gomez. Previously taken in previous brought action: Ziemba v. Armstrong, et al. No. 3:98 cv 2344 (JCH)(HBF).

### Exhibits To Be Offered

10. The Videotape recording in this case relevant to the four point restraint on March 4 and 5, 1999.

11. DOC's Restraint Techniques Lesson Plan.

12. DOC's SD 98-38 Security Division Report and

-3-

all of the relevant documentation thereto concerning the beating and restraint of Duane Ziemba in August 1998.

13. DOC emergency grievance filed by plaintiff dated February 16, 1999.

14. DOC emergency grievance filed by plaintiff dated February 19, 1999.

15. Letter by plaintiff dated Febrary 19, 1999 to Warden Myers.

16. DOC emergency grievance filed by plaintiff dated February 27, 1999 and March 29, 1999.

17. DOC Disciplinary Reports No. 9903051 and 9903058.

18. March 4 and 5, 1999 DOC Incident Reports, Use of Force Reports and Medical Incident Reports.

19. Interrogatories severed on defendant DeGray dated November 21, 2003 and responses thereto.

<u>Damages And Relief Sought</u>

19. (a) Compensatory; (b) Punitive; (c) Attorney fees and costs; and (d) All such other relief as the

-4-

Court deems fair and plaintiff is entitled.

Respectfully Submitted
*Duane Ziemba*
Duane Ziemba #128963
Garner C.I. 50 Nunnawauk Road
Newtown, CT. 06470

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 22nd day of November 2005:

Matthew B. Beizer, and
Neil Parille
Assistant Attorney's General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*
Duane Ziemba

-5-