**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DUANE ZIEMBA                     :          CIVIL NO. 3:01CV2166 (JCH)

    v.                                          :

JOHN ARMSTRONG, ET AL.          :          DECEMBER 16, 2005

**DEFENDANT'S RESPONSE TO THE COURT'S ORDER**
**TO SHOW CAUSE DATED DECEMBER 9, 2005**

The Court has ordered the defendant, and undersigned counsel, to show cause why they should not be held in contempt or penalized for failure to obey the Pro Se Pretrial Order concerning the filing of the Trial Memorandum in the above matter.  As detailed below, the defendant's failure to comply with the order was (1) the result of a good faith misunderstanding as to its due date and (2) was not prejudicial in any manner to the plaintiff and did not delay or impact the proceedings in the case.

According to Court Order dated July 8, 2005, the Trial Memorandum was due by December 1, 2005, a Pretrial Conference was set for December 12, 2005 and the trial was set for January 11, 2006.  (See Attachment A, Docket # 111).  It was the understanding of the undersigned, albeit mistaken, that this entry was the entirety of the District Court's Order. (Attachment B, Assistant Attorney General Beizer Affidavit, ¶ 4).  Commencing in late October and continuing through the beginning of the month of November, the undersigned prepared the defendant's Trial Memorandum.  (Id., ¶ 5).  In fact, the defendant's Trial Memorandum was essentially completed or on about November 3, 2005.  (Id., ¶ 6).

On or about November 21, 2005, the undersigned received a phone call from a clerk for the District Court informing the undersigned that the trial in the above matter was postponed indefinitely. (Id., ¶ 8). The clerk informed the undersigned that it was the District Court's intention to first hold a trial in Ziemba v. Armstrong, 98cv2344 (JCH), a case that was then pending before the Second Circuit Court of Appeals. (Id., ¶ 9). There was no discussion in this phone conversation regarding the filing of the Trial Memorandum or any of the other items in the Court's Pretrial Order. (Id., ¶ 10). On November 22, 2005, the District Court formally issued an Order postponing the trial. (Attachment A, Docket # 126). Based on the postponement of the trial, while the defendant's Trial Memorandum was essentially completed, and ready to be filed, the undersigned did not file the Trial Memorandum (AAG Beizer Affidavit, ¶ 12).

On or about November 25, 2005, the undersigned received a Motion for Contempt from the plaintiff in which the plaintiff asserted that the defendant's Trial Memorandum was due on November 1, 2005. (Id., ¶ 13; Docket # 127). Based on the undersigned's understanding, albeit mistaken, of the District Court's Pretrial Order, the undersigned responded to the plaintiff's motion by asserting that the defendant's Trial Memorandum was not due until December 1, 2005 and that the trial had been postponed. (Id., ¶ 14; Docket # 129). The undersigned first learned that he was mistaken as to the due date of the defendant's Trial Memorandum on December 14, 2005. (Id., ¶ 15). Specifically, the undersigned "clicked on" the Court's Order and learned that the e-mail Order from the District Court was not the entirety of the Order and that the parties had been ordered to exchange drafts of their pretrial memos with the defendant's due on November 1, 2005. (Id., ¶ 15). If the undersigned had known that the Court's Order called for the defendant to provide the plaintiff with a copy of the defendant's Trial Memorandum by

November 1, 2005, the undersigned would have complied with that Order. (Id., ¶ 7). Additionally, should the District Court want the undersigned to now file its Trial Memorandum with the Court, or provide it to the plaintiff, the undersigned will certainly do so.

In sum, the defendant's failure to comply with the District Court's Order concerning the filing of the Trial Memorandum was the result of a good faith misunderstanding as to its due date. As stated, if the undersigned had known that the District Court's Order called for him to provide Mr. Ziemba with a copy of the defendant's Trial Memorandum by November 1, 2005, the undersigned would have complied with that Order. Moreover, because this trial has been postponed indefinitely, there has been no prejudice or disadvantage to the plaintiff. Indeed, the undersigned is willing to now provide the plaintiff with a copy of the defendant's Trial Memorandum. Finally, because the trial was postponed prior to the due date of the Trial Memorandum, there has been no delay or impact to the proceedings of the case.

WHEREFORE, the defendant respectfully requests the Court not to hold him in contempt or penalize him.

<div style="margin-left:40%">

DEFENDANT
Kevin DeGray

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____/s/_____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

</div>

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following this 16th day of

December, 2005:

> Duane Ziemba #128963
> Garner Correctional Institution
> 50 Nunnawauk Road
> P.O. Box 5500
> Newtown, CT  06470

<div style="text-align:right">

_____/s/_____
Matthew B. Beizer
Assistant Attorney General

</div>