# ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | CIVIL NO. 3:01CV2166 (JCH) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | DECEMBER 16, 2005 |

**AFFIDAVIT OF ASSISTANT ATTORNEY GENERAL MATTHEW B. BEIZER**

I, Matthew B. Beizer, having been duly sworn, deposes and says:

1. I am over the age of 18 and believe in the obligations of the oath.

2. I am an Assistant Attorney General and represent the defendant in the above matter.

3. On or about July 8, 2005, I received -- via e-mail from the U.S. District Court – a pro se pretrial order which set dates for the filing of the Trial Memorandum, a pretrial conference, and the jury trial. Specifically, the Trial Memorandum was due by December 1, 2005.

4. It was my understanding, albeit mistaken, that this e-mail was the entirety of the Court's Order and therefore, that the defendant's Trial Memorandum was due by December 1, 2005.

5. Commencing in late October and continuing through early November, I prepared the defendant's Trial Memorandum.

6. The Trial Memorandum was essentially completed and stored by my secretary in her computer on November 3, 2005.

7. If I had known that the Court's Order called for me to provide Mr. Ziemba with a copy of the defendant's Trial Memorandum by November 1, 2005, I certainly would have complied with this order.

8. On or about November 21, 2005 I received a phone call from a clerk of the District Court informing me that the trial was being postponed indefinitely.

9. The clerk informed me that it was the District Court's intention to first hold a trial in Ziemba v. Armstrong, 98cv2344 (JCH), a case that was then pending before the Second Circuit Court of Appeals.

10. There was no discussion in this phone conversation regarding the filing of the Trial Memorandum or any of the other items in the Court's Pretrial Order.

11. On or about November 22, 2005, the District Court formally issued an order postponing the trial.

12. Based on the postponement of the trial, although the defendant's Trial Memorandum was essentially completed and ready to be filed, the undersigned did not file the Trial Memorandum.

13. On or about November 25, 2005, I received a Motion for Contempt (Docket # 127) from the plaintiff in which the plaintiff asserted that the defendant's Trial Memorandum was due on November 1, 2005.

14. Based on my understanding, albeit mistaken, of the District Court's Pretrial Order (see paragraph # 4), I responded to the plaintiff's motion by asserting that the defendant's Trial Memorandum was not due until December 1, 2005 (Docket # 129).

2

15. On or about December 14, 2005, I received the District Court's Order to Show Cause (Docket # 130). Upon receipt of that Order, I then "clicked on" the Court's Pretrial Order (Docket # 111) and learned -- for the first time -- that while the Trial Memorandum was due on December 1, 2005 the defendant was ordered to provide the plaintiff with a copy of his Trial Memorandum on November 1, 2005.

16. I am willing to now provide the plaintiff and/or the District Court with a copy of the defendant's Trial Memorandum.

I have read the foregoing statement and it is true to the best of my knowledge and belief.

_____
Matthew B. Beizer

Sworn and subscribed before me on this ____ day of December, 2005.

_____
~~Notary Public~~ / Commissioner of Superior Court

3