UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUANE ZIEMBA : CIVIL NO. 3:01CV2166 (JCH)

v. :

CAPTAIN DeGRAY : FEBRUARY 27, 2006

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**CRIMINAL CONVICTION**

1.  You have heard that the plaintiff is an inmate and has several criminal convictions. The law permits you to consider the criminal conviction record of a witness in assessing his credibility and whether he is being truthful. Rule 609(a), Federal Rules of Evidence.

**SECTION 1983**

2.  This case comes before the Federal Court because the plaintiff alleges that the defendant has denied him his lawful rights secured by the Constitution of the United States and under section of federal law known as the Civil Rights Act, Title 42, United States Code, Section 1983.

3.  This statute provides, in part, and I am quoting, "Every person who, under color of statute ... of any State ... subjects, or causes ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured ...."

4.  The federally protected right asserted by the plaintiff in this case arises from that portion of the Eighth Amendment of the Constitution of the United States which prohibits the infliction of cruel and unusual punishment even upon a convicted felon such as this plaintiff.

5.  In order to prove each of his claims under Section 1983, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

   a.  First, that the defendant acted under color of the authority of the State of Connecticut.

   b.  Second, that the defendant deprived the plaintiff of his constitutional rights; and

   c.  Third, that the acts of the defendant were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

6.  The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.[1]

**FIRST ELEMENT - ACTION UNDER COLOR OF STATE LAW**

7.  The defendant acknowledges that he was employed by the Connecticut Department of Correction during the period covered by the Complaint. I therefore instruct you, as a matter of law, that if you find that the defendant was personally involved in the alleged constitutional violation, then the defendant was acting under color of state law.[2]

---

[1] Authority: Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in King v. Crose, et al., No. 3:93CV-1273(AHN); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981).

[2] Authority: Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

## SECOND ELEMENT - DEPRIVATION OF A CONSTITUTIONAL RIGHT - EIGHTH AMENDMENT

8. Keeping these general requirements of a Section 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional right of which the plaintiff claims he was deprived. The plaintiff in this case claims that the defendant deprived him of his constitutional right to be free from cruel and unusual punishment in violation of the Eighth Amendment by subjecting him to excessive force on March 4, 1999.

9. While it is up to you, the jury, to weigh all of the evidence and reach your own determination as to the facts of this case, there are standards for you to apply in determining whether the facts found by you constitute excessive force in violation of the Eighth Amendment.

   a. The Eighth Amendment prohibits cruel and unusual punishment. To prove a violation of the Eighth Amendment, the plaintiff has the burden to prove (1) that the deprivation alleged is "objectively sufficiently serious" such that the plaintiff was denied "the minimal civilized measure of life's necessities," and (2) that the defendant official possessed a "sufficiently culpable state of mind" associated with "the unnecessary and wanton infliction of pain." See Farmer v. Brennan, 511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994) (quoted in Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)).

## EXCESSIVE FORCE

10. You should understand that not every push or shove by a correctional officer violates an inmate's constitutional rights even if in hindsight, it may seem to have been

unreasonable or unnecessary.[3]  Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.[4]

11. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety.[5]

12. It is intentional cruelty and wantonness that violates the Eighth Amendment. Thus, if a prison official makes a good faith error or mistake in judgment, even if it results the infliction of pain and suffering upon a prisoner, the prison official has *not* violated the Eighth Amendment.[6]

13. An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Again, you may not find for the plaintiff against the defendant if you find that his actions were merely negligent.  I emphasize: the defendant must have been more than negligent in order for you to find him liable.  The defendant must have acted sadistically and maliciously for the very purpose of causing harm to

---

[3]  Hudson v. McMillan, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992) quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.) cert. denied, John v. Johnson, 414 U.S. 1033 (1973).

[4]  Whitney, 106 S.Ct. at 1084.

[5]  Whitney, 106 S.Ct. at 1084.

[6]  Whitney, supra, at 1084.

the plaintiff or he must have acted with the requisite culpable intention of causing the plaintiff pain.[7]

14. The infliction of pain by correctional staff upon a prisoner in the course of maintaining prison security, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable and hence unnecessary in the strict sense. In making and carrying out decisions involving the use of force to maintain security and order in a prison, correction officials clearly must take into account the very real threats to security present to inmates and correction staff alike.[8]

15. The application of force by prison officials in a good faith effort to maintain or restore discipline is perfectly lawful and proper.[9] To determine whether the defendant acted maliciously or wantonly, a court must examine several factors including: the extent of the injury and the mental state of the defendant, as well as "the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendant; and any efforts made by the defendant to temper the severity of a forceful response." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) (citing Hudson, 503 U.S. at 7).

16. Indeed, the citizens of the State of Connecticut, through their legislature, have enacted a statute Connecticut General Statute Section 53a-18, which provides, in part, that,

---

[7] Authority: Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

[8] Id.

[9] Id.

correctional officials may, in order to maintain order and discipline within a correctional facility, use such physical force as is reasonable. Any action taken pursuant to this statute is entirely lawful and proper.[10]

17. In making any judgments with respect to plaintiff's Eighth Amendment claims, you shall not base your decision upon 20/20 hindsight. You must put yourselves in the place of the defendant during the very moments when these events were occurring and judge his actions as of that time and under those circumstances.[11]

18. Keep in mind that corrections officials must make their decisions "in haste, under pressure, and frequently without the luxury of a second chance."[12] Keep in mind also that prison life and relations "between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration."[13] Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act in a timely fashion so as to maintain safety and security.[14] Keep in mind, "we are considering a large, confined population of convicted felons, not a nursery school."[15] If you find that the defendant acted in a good-faith effort to maintain and restore discipline, no constitutional

---

[10] C.G.S. Sec. 53a-18.

[11] Graham v. Connor, 490 U.S. 392, 396, 109 S.Ct. 1865, 1872 (1989); Johnson v. Glick, 481 F. 2d 1028, 1034 (2d. Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462 (1973).

[12] Hudson v. McMillian, 503 U.S. at 6, 7, 112 S.Ct. at 999.

[13] Wolf v. McDonnell, 418 U.S. 539, 561-62, 94 S.Ct. 2963, 2977-78 (1974).

[14] Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977).

[15] Battle v. Anderson, 788 F.2d 1421, 1426 (10th Cir. 1986).

violation has occurred.[16]  Therefore, if you make such a finding you should find for the defendant.  If you conclude that the defendant used force maliciously and sadistically for the very purpose of causing harm, then you shall find that defendant liable and find against that defendant and for the plaintiff.

**PERSONAL INVOLVEMENT**

19.  There is only one defendant in this case, defendant DeGray.  In order to assert a viable § 1983 action against defendant DeGray, the plaintiff must demonstrate that the defendant directly and personally participated in the alleged constitutional deprivation.  It is not sufficient for the plaintiff to demonstrate that other correctional officials acted in an improper or unconstitutional fashion.  Rather, the plaintiff must demonstrate that defendant DeGray directly and personally participated in the alleged constitutional violation.[17]

**THIRD ELEMENT - PROXIMATE CAUSE**

20.  The third element which plaintiff must prove is that defendant's acts were the proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts or omissions.  If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was

---

[16] Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

[17] Merriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

proximately caused by such act or omission. In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

21. In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

22. A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

23. A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant. Nor would a defendant be liable if the plaintiff caused his own injuries through his behavior or actions.

24. If you find that the plaintiff suffered some injury but that his injury was the result of his own behavior or some other intervening factor, then the defendants would not be liable for his injury.[18]

---

[18] Authority: Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693 (1979); Mt.

**QUALIFIED IMMUNITY**

25.  If you find that the defendant did not deprive the plaintiff of his Eighth Amendment rights, then you need not consider any of the defendant/s affirmative defenses. However, in the event that you should find that the defendant did deprive the plaintiff of his Eighth Amendment rights, the defendant still may not be liable to the plaintiff. In this sort of lawsuit, an individual defendant may be entitled to what is called qualified immunity.

26.  Qualified immunity shields a public official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that prison inmates enjoy a right to be free from the malicious and sadistic application of force by a prison official which is intended to cause harm to the inmate. However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those clearly established right.

27.  To put it the other way, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of he knew or should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

---

Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977).

28.     In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the circumstances which confronted him. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of his or her conduct. You should not, however, consider what these defendants' subjective intent was, even if you believe it was to harm the plaintiff. The relevant question is what a *reasonable* official in the defendant's situation would have thought about the legality of his or her conduct. If you find that a reasonable official in a defendant's situation would believe this conduct to be lawful, then he or she is entitled to qualified immunity.

29.     The defendant has the burden of proving that he neither knew or should have known that his actions violated federal law. If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that that defendant in fact violated the plaintiff's constitutional rights under color of state law.

30.     Similarly, if a defendant convinces you by a preponderance of the evidence that reasonable correctional officers could disagree over whether his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that the defendant in fact violated the plaintiff's constitutional rights under color of state law.[19]

---

[19]     Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).

**DAMAGES**

      31.    Because the plaintiff is making a claim for money damages in this case, I must discuss the law of damages with you. You should not take this discussion to suggest that the defendants did violate the plaintiff's rights or that they did not act in good faith. You should not consider the question of damages at all, unless you have first determined that the defendants did violate the plaintiff's rights and that they did not act in good faith.

      32.    I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

      33.    And I want to repeat here that with regard to the matter of injuries and the matter of the damages, the same rule relative to the burden of proof on the plaintiff still applies. In other words, the burden is on the plaintiff to prove these elements of damage by a fair preponderance of the evidence. Just as it was in connection with his claimed allegations on the issue of liability.

      34.    Plaintiff may not recover for emotional or mental distress alone. Plaintiff may only recover for emotional and mental distress if he first establishes that he suffered a physical injury as a result of defendants' actions.[20]

      35.    When monetary damages are sought in a lawsuit brought under Title 42, Section l983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that

---

[20]    42 U.S.C. § 1997e.

each defendant against whom money damages are sought was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights.[21]

36.  In this regard, you should keep in mind that although all of the defendants are officers or employees of the State of Connecticut, they are being sued in their individual capacities and hence are exposed to payment of any damages which you award in their individual capacity.

37.  You may also keep in mind that the plaintiff is an inmate whose daily living expenses, including medical expenses, are being paid for by the State of Connecticut.

38.  There are two kinds of damages claimed by the plaintiff in this case. The first is compensatory damages; that is, a sum of money to compensate the plaintiff for the denial of his federal constitutional rights for the alleged wanton and willful assault upon his person.

39.  In estimating damages in a case of this sort, you are not at liberty to guess or infer what the damages are. You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove, by a fair preponderance of the evidence, the amount of the damages to which he is entitled. It must be fairly proved that the verdict, if you come to a verdict for him, is one which in your sound judgment represents the damages to which he is entitled under the rule applicable in the situation.

40.  The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual physical injury or loss. If you do find that the defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered

---

[21]   Johnson v. Glick, 481 F.2d 1083.

an actual physical injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.[22]

## NOMINAL DAMAGES

## DAMAGES FOR THE MERE FACT OF VIOLATION

41.     If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

42.     Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed one dollar.[23]

---

[22]     Authority: Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

[23]     Authority: Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

**PUNITIVE DAMAGES**

43.  The second type of damages which the plaintiff claims in this case is punitive damages.  As the name suggests, punitive damages are designed to make an example of or to punish a wrongdoer.

44.  Only if you decide to award compensatory or nominal damages to the plaintiff may you then consider whether or not to award him punitive damages.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct. If you find the issues in favor of the plaintiff and award compensatory damages on a constitutional claim and if you further find that the acts of either one or any of the defendants were done sadistically or maliciously to cause harm to the plaintiff, then you may award punitive damages as you find proper, relating to a constitutional claim.[24]

45.  Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.  They must never be awarded because of bias, sympathy or prejudice with respect to any party to the case.

---

[24]    Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).

46. Even if all the above-noted requirements are met, the award of punitive damages is discretionary, that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.[25]

```
                              DEFENDANT
                              Kevin DeGray

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL


                        BY:   _____/s/_____
                              Matthew B. Beizer
                              Assistant Attorney General
                              110 Sherman Street
                              Hartford, CT  06105
                              Federal Bar #ct16304
                              E-Mail: matthew.beizer@po.state.ct.us
                              Tel:  (860) 808-5450
                              Fax:  (860) 808-5591
```

---

[25] Modern Federal Jury Instructions ¶ 87.03, Instruction 87-92.

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following this 27th day of February, 2006:

Duane Ziemba #128963
Garner Correctional Institution
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT  06470

                                                          /s/
                                            Matthew B. Beizer
                                            Assistant Attorney General